Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
E-Mail:    jfields@duanemorris.com

Lucas C. Wohlford (admitted *Pro Hac Vice*)
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: +1 214 257 7200
Facsimile: +1 214 257 7201
E-Mail:       lwohlford@duanemorris.com

Attorneys for Defendant
OPTIME CARE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., | Case No. 5:24-CV-03567-BLF |
| Plaintiff, | **DEFENDANT OPTIME CARE, INC.'S NOTICE OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| CORCEPT THERAPEUTICS, INC., AND OPTIME CARE INC., | |
| Defendants. | Date:        December 5, 2024 |
| | Time:        9:00 a.m. |
| | Dept.:        Courtroom 3 |
| | Judge:        Hon. Beth Labson Freeman |
| | Complaint filed:        June 13, 2024 |

## NOTICE OF MOTION TO STAY DISCOVERY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 5, 2024 at 9:00 a.m., or at another time determined by the Court, before the Honorable Beth Labson Freeman, of the United States District Court of the Northern District of California, San Jose Division, 280 South 1ˢᵗ Street, San Jose, California, Courtroom 3, 5th Floor, Defendant Optime Care, Inc. will and hereby does move, pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent authority over its own docket, to stay discovery pending the resolution of Optime's motion to dismiss, which is being filed contemporaneously with this Motion.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all filed supportive declarations and exhibits, and any such evidence or argument as may be requested or permitted by the Court.

I, Lucas C. Wohlford, further certify that pursuant to Federal Rule of Civil Procedure 26(c)(1), counsel for Optime and Teva conferred in good faith on August 23, 2024, in an unsuccessful effort to resolve without Court action Optime's request for a limited stay of discovery.

Dated: August 26, 2024

**DUANE MORRIS** LLP


By:/s/ *Lucas C. Wohlford*
    Justin J. Fields
    Lucas C. Wohlford (admitted *Pro Hac Vice*)
    Attorneys for Defendant
    OPTIME CARE, INC.

# **TABLE OF CONTENTS**

NOTICE OF MOTION TO STAY DISCOVERY ............................................................... i

TABLE OF CONTENTS................................................................................................. ii

TABLE OF AUTHORITIES ......................................................................................... iii

MEMORANDUM OF POINTS AND AUTHORITIES .................................................1

PRELIMINARY STATEMENT ....................................................................................1

BACKGROUND ............................................................................................................2

LEGAL STANDARD.....................................................................................................2

ARGUMENT ..................................................................................................................3

CONCLUSION...............................................................................................................5

OPTIME CARE, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Little v. City of Seattle*
  863 F.2d 681 (9th Cir. 1988) ............................................................................................2

*In re Netflix Antitrust Litig.*
  506 F.Supp.2d 308 (N.D. Cal. 2007) ...............................................................................1

*Reveal Chat Holdco, LLC v. Facebook*
  2020 WL 2843369 (N.D. Cal. April 10, 2020) (Freeman, J.)..................................1, 3, 5

*Rutman Wine Co. v. E. & J. Gallo Winery*
  829 F.2d 729 (9th Cir. 1987) ............................................................................................1

*U.S.A. Nutrasource, Inc. v. CAN Ins. Co.*
  140 F.Supp.2d 1049 (N.D. Cal. 2001) ..............................................................................4

*Universal Trading & Inv. Co. v. Dugsbery, Inc.*
  499 Fed.Appx. 663 (9th Cir. 2012)....................................................................................2

**Federal Statutes**

15 U.S.C. § 1....................................................................................................................2

**State Statutes**

Cal. Bus. & Prof. Code § 16600 ....................................................................................2-3

Cal. Bus. & Prof. Code § 17200 .......................................................................................2

**Rules**

Fed. R. Civ. P. 26(a)(1)(C) ..............................................................................................2

Fed. R. Civ. P. 26(f)(1)(2)................................................................................................2

OPTIME CARE, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Defendant Optime Care, Inc. ("Optime") files this Memorandum of Points and Authorities in support of its Motion to Stay Discovery Pending Resolution of its Motion to Dismiss, and would respectfully show the Court as follows:

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") asserts various claims against Optime under federal and state antitrust laws, California's unfair competition law, a litany of various states' consumer protection statutes, and for unjust enrichment. (Dkt. 1). As discussed in Optime's motion to dismiss, Teva's claims against Optime suffer from multiple fundamental and fatal defects that require their dismissal at the pleading stage.

Various courts, including this Court, have "recognized that staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." *In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007)); *see also Reveal Chat Holdco, LLC v. Facebook*, 2020 WL 2843369, at *4 (N.D. Cal. April 10, 2020) (Freeman, J.) (quoting *In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308 (N.D. Cal. 2007)); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (explaining that the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint before proceeding with discovery and that, "[i]n antitrust cases this procedure especially makes sense because the costs of discovery in such actions are prohibitive").

As discussed herein, there is good cause to stay discovery in this antitrust case because Optime's motion to dismiss is potentially, if not likely, dispositive of Teva's claims against it, and Optime's motion to dismiss can be decided without discovery. *See Reveal Chat Holdco*, 2020 WL 2843369, at *2 (setting forth two-pronged test for determining whether discovery should be stayed pending resolution of a dispositive motion). Accordingly, Optime respectfully requests that the Court stay discovery pending the Court's resolution of Optime's motion to dismiss, or, alternatively, that the Court stay discovery at least until the date of the hearing on Optime's motion to dismiss.

CASE NO. 5:24-CV-03567-BLF

OPTIME CARE, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

1

## BACKGROUND

2

Teva commenced this action against Corcept Therapeutics, Inc. ("Corcept") and Optime on

3

June 13, 2024.  (Dkt. 1).  Teva asserts claims against Optime under Section 1 of the Sherman Act, 15

4

U.S.C. § 1 (Count III), California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200

5

(Count IV), Cal. Bus. & Prof. Code § 16600 (Count V), a litany of various states' antitrust and

6

consumer protection statutes (Count VI), and for unjust enrichment (Count VII).  (*Id.* ¶¶ 218-273).

7

All of Teva's claims against Optime are based solely on Optime's agreement to exclusively distribute

8

Corcept's branded drug, Korlym (the "Distribution Agreement").  (*Id.* ¶¶ 134-136, 224-227, 229, 240,

9

248).

10

The Court has set the following briefing schedule for Corcept's and Optime's motions to

11

dismiss:  Corcept and Optime's opening briefs are due August 26, 2024; Teva's response is due

12

October 18, 2024; and Corcept's and Optime's reply briefs are due November 12, 2024.  (Dkt. 29).

13

Further, the Court has currently scheduled a hearing on Corcept's and Optime's motions to dismiss on

14

December 5, 2024.

15

In addition, the Court has set an initial case management conference on October 31, 2024,

16

which requires a Rule 26(f) conference by October 10, 2024, a Rule 26(f) and case management report

17

by October 24, 2024, and service of initial disclosures by October 24, 2024.  (Dkt. 14); *see also* Fed.

18

R. Civ. P. 26(a)(1)(C); Fed. R. Civ. P. 26(f)(1)(2).

19

For the reasons discussed herein, Optime respectfully requests that the Court enter an order

20

staying the foregoing deadlines and staying all discovery in this case pending the Court's resolution

21

of Optime's motion to dismiss.  Alternatively, Optime requests that the Court stay all discovery in this

22

case at least until the hearing on Optime's motion to dismiss.

23

## LEGAL STANDARD

24

District courts have broad discretion to stay discovery pending the resolution of a potentially

25

dispositive motion to dismiss.  *Universal Trading & Inv. Co. v. Dugsbery, Inc.*, 499 Fed.Appx. 663,

26

665 n. 9 (9th Cir. 2012); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The

27

district court has wide discretion in controlling discovery").  This Court and other courts in this district

28

OPTIME CARE, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

have applied a two-pronged test in determining whether discovery should be stayed pending resolution of a dispositive motion. *Reveal Chat Holdco*, 2020 WL 2843369, at *2 (collecting cases). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* (internal quotations omitted). "Second, the court must determine whether the pending motion can be decided absent additional discovery." *Id.* (internal quotations omitted).

## ARGUMENT

In assessing the first prong of the applicable test, the Court takes a "preliminary peek" at the merits of the underlying motion to dismiss to determine whether it is potentially dispositive. *Reveal Chat Holdco*, 2020 WL 2843369, at *3. Good cause for staying discovery undoubtedly may exist "when the district court is 'convinced that the plaintiff will be unable to state a claim for relief.'" *Id.* at *1 (quoting *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)). However, the salient question is not whether the Court is convinced that the party seeking a stay will ultimately prevail on its motion to dismiss, but whether the motion to dismiss is *potentially* dispositive. *Id.* at *3.

Here, Optime's motion to dismiss is potentially, if not likely, dispositive of Teva's claims against it. Indeed, as discussed in detail in Optime's motion to dismiss, all of Teva's claims against Optime suffer from multiple fundamental and fatal defects.

First, Teva's claims against Optime under the Sherman Act, the UCL, and Section 16600 are all barred by the applicable statute of limitations. (Dkt. 34 at 5-6, 11-12, 16). Even if the Court were to grant Teva leave to replead its claims against Optime, Teva likely could not overcome this threshold defect in its claims. *See Reveal Chat Holdco*, 2020 WL 2843369, at *3 (granting Facebook's motion to stay; observing that "Facebook's motion to dismiss presents strong arguments, which could prove difficult for Plaintiffs to overcome, even considering that leave to amend is freely given").

Second, Teva's claims against Optime under the Sherman Act, the UCL, and Section 16600 all require Teva to demonstrate that the Distribution Agreement substantially forecloses competition in the relevant market. (Dkt. 34 at 6-8, 15, 16-17). For multiple reasons, Teva has not plausibly alleged, and cannot plausibly allege, that the Distribution Agreement, which, at most, limits Teva's

OPTIME CARE, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

access to only one of many existing and potential distribution channels for its product, substantially forecloses competition in the relevant market.  (*Id.* at 8-11).  Even if allowed to replead, Teva is also unlikely to overcome this fundamental defect in its claims.

Third, Teva's UCL claims against Optime suffer from additional fundamental and fatal defects—namely, Teva fails to allege that it lacks an adequate remedy at law and it fails to plead entitlement to restitution or injunctive relief, which are the only remedies available under the UCL. (Dkt. 34 at 12-14).

Fourth, Teva fails to state a claim against Optime under the 48 separate state antitrust statutes and 37 separate state consumer protection statutes that it lists in its complaint because it does not even identify the specific statutory provisions it claims Optime violated, much less plead any facts explaining how Optime supposedly violated those statutes.  (Dkt. 34 at 17).

Fifth, Teva's claims against Optime for unjust enrichment fail because: (1) there is no standalone claim for unjust enrichment under California law; (2) Teva fails to allege it conferred any benefit on Optime that should be returned to it under restitutionary unjust enrichment principals; and (3) Teva fails to identify the unjust enrichment laws of any of the other states or territories under which it seeks to recover, and does not even attempt to plead facts demonstrating its entitlement to recovery under any of those laws.  (Dkt. 34 at 17-18).

For all these reasons, Optime's motion to dismiss is not just potentially dispositive, it is likely dispositive of all Teva's claims.  Accordingly, Optime's motion to dismiss satisfies the first prong of the applicable test.

With respect to the second prong, Optime's motion to dismiss is based solely on the allegations in Teva's complaint and the terms of the Distribution Agreement, which is repeatedly referenced and quoted in the complaint and is the sole basis for Teva's claims against Optime.  (Dkt. 1 ¶¶ 134-138). It is well-established that the Court "may consider documents outside of the pleadings in support of a Rule 12(b)(6) motion to dismiss where the document is referenced in the plaintiff's complaint and the document is 'central' to the plaintiff's claim."  *U.S.A. Nutrasource, Inc. v. CAN Ins. Co.*, 140 F.Supp.2d 1049, 1053 (N.D. Cal. 2001) (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987

OPTIME CARE, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS

F.2d 429 (9th Circ. 1993)).  Accordingly, Optime's motion to dismiss does not raise any factual issues that require discovery.  As such, Optime's motion to dismiss also satisfies the second prong of the applicable test.

Because Optime's motion to dismiss is potentially, if not likely, dispositive of Teva's claims against it and may be resolved without discovery, there is good cause to stay discovery pending resolution of Optime's motion.  A stay is particularly appropriate in this case because, as this Court has recognized, discovery in antitrust cases like this "'tends to be broad, time-consuming and expensive.'"  *Reveal Chat Holdco*, 2020 WL 2843369, at *4.  Should the Court determine that a stay of discovery should not persist until the Court has resolved Optime's motion, Optime respectfully requests that the Court stay discovery at least until the hearing on Optime's motion, and that the Court permit Optime to orally request an extension of the stay at the hearing.  *Id.* (staying discovery in antitrust case until the hearing on the defendant's motion to dismiss and authorizing the defendant to orally request an extension of the stay at the hearing on the motion to dismiss).

## **CONCLUSION**

For the foregoing reasons, Optime respectfully requests that the Court stay all discovery in this case pending the Court's resolution of its motion to dismiss.  Alternatively, Optime respectfully requests that the Court stay all discovery at least until the hearing on Optime's motion to dismiss, and that the Court permit Optime to orally request an extension of the stay at the hearing.

Dated: August 26, 2024

**DUANE MORRIS LLP**

By:/s/ *Lucas C. Wohlford*

    Justin J. Fields
    Lucas C. Wohlford (admitted *Pro Hac Vice*)
    Attorneys for Defendant
    OPTIME CARE, INC.

OPTIME CARE, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS