**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Robert W. Stone (Bar No. 163513)
  robertstone@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:     (650) 801-5000
Fax:              (650) 801-5100

Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Fax:              (415) 875-6700

*Attorneys for Defendant Corcept Therapeutics, Inc.*

Lucas C. Wohlford (admitted *Pro Hac Vice*)
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: +1 214 257 7200
Facsimile: +1 214 257 7201
E-Mail: lwohlford@duanemorris.com

*Attorney for Defendant Optime Care Inc.*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., | Case No. 5:24-cv-03567-BLF |
| Plaintiff, | Honorable Beth Labson Freeman |
| vs. | **DEFENDANTS' ADMINISTRATIVE MOTION AND [PROPOSED] ORDER TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE** |
| CORCEPT THERAPEUTICS, INC., et al., | |
| Defendants. | |

Pursuant to Civil Local Rule 7-11, Defendants Corcept Therapeutics, Inc. and Optime Care Inc. (collectively "Defendants") respectfully move for an order continuing the Initial Case Management Conference in this matter.

On June 25, 2024, the Court set the Initial Case Management Conference in this matter for October 31, 2024, which in turn set the deadline for the parties' initial Rule 26(f) conference as October 10. Dkt. 14; *see* FED. R. CIV. P. 26(f)(1). On August 26, Defendants moved to dismiss Teva's complaint and simultaneously sought stays of discovery pending the resolution of its motion to dismiss. Dkt. 34-37. In their motions to dismiss and accompanying motions to stay, Defendants identified multiple, potentially dispositive infirmities in Teva's case that more than justified a limited stay of burdensome antitrust discovery while the Court evaluated whether Teva stated any viable claims. On September 9, Teva filed an opposition to the motion to stay discovery that indicated it intended to oppose Defendants' motions to dismiss, rather than amend its complaint. Dkt. 38. Defendants' reply briefs in support of their motions to stay were due on September 16. *See* Civil Local Rule 7-3.

Nevertheless, on September 13—the last business day before briefing on Corcept's motion to stay was set to complete—Teva filed an amended complaint, thus voiding Defendants' pending motions. Dkt. 39, 40. Teva's late-filed amendment made only minor changes to its complaint, including removing certain demonstrably false allegations that Defendants had brought to Teva's attention almost three weeks prior, but otherwise making only minor changes to the remainder of the allegations. Teva's amendment did not address any of the fundamental infirmities Defendants raised in their motions to dismiss, and, if anything, only introduced new arguments for dismissal.

The timing of Teva's amendment appears intended to delay a ruling on Defendants' motions to stay discovery until after the October 10 deadline for the parties' Rule 26(f) conference. By delaying the Court ruling until after the Rule 26(f) conference, Teva apparently hopes to begin seeking burdensome and competitively sensitive discovery (regardless of the viability of its claims and the other equitable bases for staying discovery) before the Court has an opportunity to rule on any motion to stay discovery.

Defendants intend to file a renewed joint motion to dismiss and renewed motion to stay

discovery pending that dismissal motion. However, given Teva's tactically-late-filed amended complaint, it is no longer possible for the Court to rule on Defendants' motion to stay before the October 10 Rule 26(f) deadline, nor the corresponding case management report and initial disclosures, each then due by October 24, 2024. That is particularly true because Teva's counsel has requested that Defendants agree to a hearing on the dismissal motions in late February 2025, in order to accommodate one of Teva's core attorneys' parental leave. Defendants are more than fine with that request due to basic professionalism and humanity. However, their willingness to accommodate such an important life event does not mean they should have to endure three months of sprawling and ultimately futile antitrust discovery due to their flexibility. Thus, in order to allow the Court a full opportunity to rule on Defendants' motion to stay discovery and thereby avoid unnecessary disputes prompted by Teva's tactics, Corcept respectfully requests that the Court continue the Initial Case Management Conference currently set for October 31, which will in turn adjust the deadline for the parties' Rule 26(f) conference. *See* FED. R. CIV. P. 26(f)(1).

As for the specific date, Defendants believe the Court should continue the Initial Case Management Conference for as long as the Court deems proper. Under the parties' stipulated briefing schedule, *see* Dkt. 42, Defendants will submit their renewed motion to stay discovery concurrently with their renewed motion to dismiss on October 14, which will result in the parties completing briefing on the motion to stay on November 4. Depending on the Court's preferences, that would mean that an Initial Case Management Conference in December or January may provide enough time to assess the parties' submissions and decide whether the Court believes a stay is warranted. Defendants also do not object to a February 2025 Initial Case Management Conference, on the same date as the motion to dismiss hearing.

# [PROPOSED] ORDER

IT IS SO ORDERED.  The Initial Case Management Conference scheduled for October 31, 2024 is hereby continued.   The Initial Case Management Conference will instead be held on _____.


DATED: _____          _____
                                       The Honorable Beth Labson Freeman
                                       United States District Judge

1  DATED:  September 18, 2024

2

3  By:  _____/s/ Robert W. Stone_____

   QUINN EMANUEL URQUHART & SULLIVAN, LLP

4

5  Robert W. Stone (Bar No. 163513)
   robertstone@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor

6  Redwood Shores, California 94065
   Telephone:   (650) 801-5000

7  Fax:         (650) 801-5100

8  Adam B. Wolfson (Bar No. 262125)
   adamwolfson@quinnemanuel.com

9  50 California Street, 22nd Floor
   San Francisco, California 94111

10 Telephone:   (415) 875-6600
   Fax:         (415) 875-6700

11

12 Steig D. Olson (admitted *pro hac vice*)
   steigolson@quinnemanuel.com

13 51 Madison Avenue, 22nd Floor
   New York, New York 10010

14 Telephone:   (212) 849-7000
   Fax:         (212) 849-7100

15

16 *Attorneys for Defendant Corcept Therapeutics, Inc.*

17 By:  _____/s/ Lucas C. Wohlford_____

18

19 Lucas C. Wohlford (admitted *Pro Hac Vice*)
   **DUANE MORRIS LLP**

20 100 Crescent Court, Suite 1200
   Dallas, TX 75201

21 Telephone: +1 214 257 7200
   Facsimile: +1 214 257 7201

22 E-Mail: lwohlford@duanemorris.com

23 Justin J. Fields (SBN 259491)
   **DUANE MORRIS LLP**

24 Spear Tower
   One Market Plaza, Suite 2200 San Francisco, CA

25 94105-1127
   Telephone: +1 415 957 3000

26 Facsimile: +1 415 957 3001
   E-Mail: jfields@duanemorris.com

27

28 *Attorneys for Defendant Optime Care Inc.*

**CIVIL LOCAL RULE 5-1 ATTESTATION**

I, Robert W. Stone, am the ECF user whose credentials were utilized in the electronic filing of this document.  In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the signatories listed above.

DATED:  September 18, 2024

By _____/s/ Robert W. Stone_____
Robert W. Stone

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing it to be electronically served on all attorneys of record.

By _____/s/ Robert W. Stone_____
Robert W. Stone

DEFENDANTS' ADMIN. MOTION AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONF.