**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Robert W. Stone (Bar No. 163513)
  robertstone@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:    (650) 801-5000
Fax:               (650) 801-5100

Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Fax:               (415) 875-6700

*Attorneys for Defendant Corcept Therapeutics, Inc.*

**DUANE MORRIS LLP**
Lucas C. Wohlford (admitted *Pro Hac Vice*)
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: +1 214 257 7200
Facsimile: +1 214 257 7201
E-Mail: lwohlford@duanemorris.com

*Attorney for Defendant Optime Care Inc.*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>CORCEPT THERAPEUTICS, INC., et al.,<br><br>          Defendants. | Case No. 5:24-cv-03567-BLF<br><br>Honorable Beth Labson Freeman<br><br>**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR FORTHCOMING JOINT MOTION TO DISMISS**<br><br>Hearing Date: January 2, 2025 at 9:00 a.m. |

## I.  PRELIMINARY STATEMENT

Defendants' motion to stay (Dkt. 47, "Mot.") demonstrated that their forthcoming pleading stage arguments are potentially dispositive of Teva's entire case and can be decided with no discovery. Nothing in Teva's opposition (Dkt. 49, "Opp.") suggests otherwise. Indeed, Teva does not dispute that its first amended complaint (Dkt. 39, "FAC") changed little from its initial complaint. Thus, the Court can properly look to the arguments raised in Defendants' prior dismissal motions (Dkts. 34, 36) to evaluate whether a stay is now appropriate (as this Court did when staying discovery in *In re Google Digital Advert. Antitrust Litig*.).

Teva's opposition mostly ignores Corcept's arguments and authorities. Instead, Teva attacks strawmen positions, misstates the law, and improperly and prematurely tries to litigate the merits of Defendants' motion to dismiss. But these arguments miss Defendants' key point: there is no downside to a short stay of discovery while the Court decides the viability of Teva's claims, but significant potential harm to Defendants if the Court opens the floodgates of discovery before it is clear whether *any* of this case can proceed. Discovery in antitrust cases is notoriously burdensome, and Teva makes clear *in this case* that it is eager to seek expansive and competitively sensitive discovery going back years and years, exposing Corcept's commercial strategies to a rival, and chilling Defendants' First Amendment rights. Indeed, Teva on October 3—before the parties have even held a Rule 26(f) conference—served **231 document requests** seeking documents and data going back to as early as **February 2012**. Exs. A-B, Stone Decl. Accordingly, because Defendants meet the requirements for a limited stay of discovery and such a temporary stay will promote efficiency and judicial economy with no prejudice to Teva, Defendants respectfully request that the Court stay discovery pending the resolution of Defendants' forthcoming motion to dismiss.

## II.  ARGUMENT

### A.  Corcept's Motion to Dismiss Is *Potentially* Case-Ending

As this Court has explained, "[o]n a motion to stay discovery," "the question is only whether [Defendant's] motion to dismiss is '***potentially*** dispositive of the entire [case].'" *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020). Teva misstates how courts take a "preliminary peek," and wrongly asks the Court to go well beyond that inquiry. Opp. at 2–9.

1    Contrary to Teva's contentions, this Court has squarely rejected the notion that it must engage
2 in a full-blown, substantive analysis of the strength of an underlying motion to dismiss when
3 evaluating a discovery stay request. In *Reveal Chat*, this Court explained that a plaintiff's "attempt to
4 grapple with the merits" of a defendant's "motion to dismiss to demonstrate that [the defendant's]
5 arguments are not case-dispositive" is improper. *Reveal Chat*, 2020 WL 2843369, at *3 (Freeman,
6 J.). In *Tavantzis v. Am. Airlines*, *Inc.*, this Court likewise held that "the Court need not decide whether
7 [a defendant] will ultimately prevail on the motion" to dismiss. 2024 WL 812012, at *2 (N.D. Cal.
8 Feb. 23, 2024) (Freeman, J.). And in *Yiren Huang v. Futurewei Techs.*, *Inc.*, this Court explained that
9 a "substantive analysis" of a defendant's motion to dismiss "would be premature" at the discovery
10 stay stage. 2018 WL 1993503, at *3 (N.D. Cal. Apr. 27, 2018) (Freeman, J.).

11   Teva nonetheless asserts Defendants must, at this procedural stage, "convince the Court that
12 Teva will be unable to state a claim for relief." Opp. at 3 (cleaned up). But Teva's cited cases do not
13 require that showing. In *Reveal Chat* and *SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, this Court—citing
14 *Wenger v. Monroe*, 282 F.3d, 1068, 1077 (9th Cir. 2002)—merely noted that a strong showing on the
15 merits is but one circumstance in which "[g]ood cause for staying discovery ***may*** exist." 2020 WL
16 2843369, at *1; 2024 WL 1898439, at *1 (N.D. Cal. Apr. 29, 2024). In other words, such a showing
17 on the merits is a sufficient, but not necessary, ground for a stay. Indeed, were Teva's argument
18 correct, then this Court's explanations in *Reveal Chat*, *Yiren*, and other cases that substantive analyses
19 of motions to dismiss are premature at the discovery stay stage would make no sense. And while Teva
20 cites the opinion of another district court in *Arellano v. Calderon*, that is not the standard this Court
21 has applied in evaluating stay requests, *Arellano* concerned a motion for summary judgment (not a
22 motion to dismiss), and the *Arellano* court itself noted that at the stay stage, "the court does not pre-
23 judge the outcome of the underlying motion." 2023 WL 4568772, at *2 (S.D. Cal. July 14, 2023).

24   Teva also incorrectly claims that a discovery stay is only appropriate where the movant
25 essentially shows a Rule 11 violation. Opp. at 3. This Court's decisions have rejected that standard,
26 which would make the standard for a discretionary stay frivolity, which is ***higher*** than what is required
27 for dismissal (implausibility/failure to state a claim). Contrary to Teva's suggestion, *Optronic Techs.*,
28 *Inc. v. Ningbo Sunny Elec. Co*., did ***not*** hold a defendant must establish a plaintiff's complaint is

frivolous or filed for an improper purpose. Instead, the court expressed doubts about the dismissal arguments' ultimate strength, but then found the defendant had "superficially *satisfied*" the first step because "the pending motion to dismiss could be dispositive of the entire action." 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018). The same is true of *Barrett v. Apple Inc*. 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020) (first step of stay test "*superficially satisfie[d]*"). Thus, Teva's own cases negate its arguments and show that the question is the motion to dismiss's potential effect; not its ultimate strength.

Finally, Teva is incorrect that a stay is unwarranted because it has not yet filed its opposition to Defendants' forthcoming motion to dismiss and/or it might possibly obtain leave to amend. Opp. at 3, 9. As to the former, Teva's argument would mean that a defendant could never obtain a stay of discovery if it files its stay motion at the same time as its motion to dismiss. That is wrong. *See Reveal Chat*, Case No. 20-cv-00363-BLF (N.D. Cal.), Dkts. 25, 26, 31, 41 (staying discovery before plaintiff filed opposition to motion to dismiss). In fact, this Court has granted motions to stay discovery before a defendant has even filed a renewed motion to dismiss. *See In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020) (Freeman, J.) (staying discovery where plaintiffs amended complaint after defendant moved to dismiss and stay discovery and before defendant filed renewed motion to dismiss). As to amendment, this Court often stays discovery pending the resolution of a motion to dismiss notwithstanding that leave to amend may be given. *Reveal Chat*, 2020 WL 2843369, at *3; *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017). In any case, by filing the FAC in response to Defendants' prior dismissal motions, Teva has now used up its free amendment, thereby acknowledging the deficiencies in its allegations—deficiencies that were not corrected by its substantially similar amended complaint.

### B. Teva Fails to Establish that Defendants' Motion to Dismiss Requires Discovery

Defendants have also established that their forthcoming motion to dismiss can be decided without discovery. Mot. at 8. Teva makes only a half-hearted attempt to challenge Defendants' showing on grounds that Defendants "merely assert" they meet the second step and that their motion to dismiss in fact "raise[s] a host of fact-intensive inquiries[.]" Opp. at 9–10.

Far from resting on empty assertions, Defendants' stay motion and their prior dismissal

motions detailed that Teva fails to state any claims based on: (1) Teva's own allegations; (2) documents Teva cites and thus incorporates by reference (like the FDA letter, Corcept-Optime contract, and Boyd article regarding practitioner payments); and (3) facts subject to judicial notice (such as information on Teva's own and government websites). Defendants' forthcoming dismissal motion will rely on the same materials and the same authorities confirming that the Court can properly consider them at the pleading stage. Teva does not even mention, much less refute, Defendants' cited support for considering these materials now—*e.g.*, *In re German Auto. Mfrs. Antitrust Litig.*, *E&J Gallo*, *Ferraro*, and *Khoja*—essentially conceding the Court can consider these materials and resolve Defendants' motion to dismiss without discovery. Teva's only response is to state "granting a stay on such a basic notion is unwarranted." But Teva's only cited case, *Optronic*, merely holds that a court should not grant a stay ***solely*** because no discovery is required to resolve a motion to dismiss. 2018 WL 1569811, at *2. Defendants' stay motion is not so limited; it shows the motion to dismiss can be resolved without discovery, ***and*** that the motion to dismiss potentially disposes of the entire case, ***and*** case-specific equitable considerations that weigh against discovery. *Optronic* is thus inapposite.

### C.     Teva Fails to Grapple with the Equitable Considerations Supporting a Stay

Defendants' stay motion explained that good cause and equitable considerations support a limited stay of discovery. Mot. at 8–10. Teva dismisses these showings as "boilerplate observation[s]." Opp. at 10. Teva simply closes its eyes to Defendants' motion and the law.

***First***, while the Ninth Circuit and this Court have all noted antitrust discovery is extremely time-consuming and costly, thus justifying discovery stays, Mot. at 8, Defendants do not rely merely on this general proposition. Rather, in this specific case, Teva asserts a hodgepodge of theories related to Orange Book listings, "sham" litigation, "exclusive dealing," and speaker fee payments to practitioners that in many cases go back at least 10 years (which is why the claims are untimely) and implicate, *inter alia*, an enormous amount of litigation-related material, which will be hugely expensive to review, including due to the need to sort between legitimately-discoverable and privileged material (particularly given the nature of Teva's claims, which potentially implicate Corcept's communications with counsel). Highlighting the breadth of this discovery, Teva has just served ***139 document requests*** on Corcept and ***92 document requests*** on Optime seeking materials

going back as early as 2012 and covering each of its theories (and more). Exs. A, B.

Teva's opposition grapples with none of these points, and its cited cases are all inapt. *See In re Lithium Ion Batteries Antitrust Litig.*, 2013 WL 2237887, at *2–3 (N.D. Cal. May 21, 2013) (no motion to stay pending motion to dismiss, no operative complaint even on file); *Singh v. Google, Inc.*, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (defendants "fail[ed] to identify *any* discovery burdens" or "particular or specific facts"). Teva's suggestion that a discovery stay is only warranted in antitrust MDL or class action litigation (Opp. at 10) is also wrong. *See Realtek Semiconductor Corp. v. MediaTek, Inc.*, 2024 WL 1975478, at *10–11 (N.D. Cal. May 3, 2024) (staying discovery in non-MDL, non-class action, competitor-to-competitor antitrust case).

***Second***, Defendants' motion explained that a stay of discovery pending the resolution of their motion to dismiss is appropriate because Teva and Corcept are competitors; Defendants' motion to dismiss raises immunity (*Noerr-Pennington*) defenses; and discovery would impinge on Corcept's sensitive business strategies and constitutional right to petition the courts for redress. Teva nowhere denies that these equitable considerations favor a stay. Instead, it says only that these concerns can be addressed "by a protective order." Opp. at 10. For one, no protective order has been entered in this case. Nor does a protective order safeguard Corcept from having to provide discovery to a rival in the first place, which itself chills its First Amendment rights and development of competitive strategies.

***Finally***, Teva's claims of "prejudice" from a limited stay are all baseless. While Teva states that it seeks "injunctive relief," it did not move for a preliminary injunction; it withdrew its original complaint, showing no heightened urgency; any permanent injunction is highly in doubt and, at best, years away; and a limited stay does not affect any case management schedule, which the Court has not even set. While Teva speculates evidence may "be lost, destroyed, or altered," it points to no preservation issues in *this* case. And while Teva claims a stay will prevent it from "obtaining discovery to file more detailed allegations," Teva has now already used up its free amendment. In any case, the Ninth Circuit has rejected Teva's argument it can use discovery as a fishing expedition before stating valid claims. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

### III. CONCLUSION

Defendants respectfully request a discovery stay pending resolution of their motion to dismiss.

1  DATED:  October 4, 2024

2

3 By: ___*/s/ Robert W. Stone*___
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

4

5 Robert W. Stone (Bar No. 163513)
   robertstone@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
6  Redwood Shores, California 94065
   Telephone:     (650) 801-5000
7  Fax:           (650) 801-5100

8  Adam B. Wolfson (Bar No. 262125)
   adamwolfson@quinnemanuel.com
9  50 California Street, 22nd Floor
   San Francisco, California 94111
10 Telephone:     (415) 875-6600
   Fax:           (415) 875-6700

11
   Steig D. Olson (admitted *pro hac vice*)
12   steigolson@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
13 New York, New York 10010
   Telephone:     (212) 849-7000
14 Fax:           (212) 849-7100

15
   *Attorneys for Defendant Corcept Therapeutics, Inc.*
16

17 By: ___*/s/ Lucas C. Wohlford*___
18 Lucas C. Wohlford (admitted *Pro Hac Vice*)
   **DUANE MORRIS LLP**
19 100 Crescent Court, Suite 1200
   Dallas, TX 75201
20 Telephone: +1 214 257 7200
   Facsimile: +1 214 257 7201
21 E-Mail: lwohlford@duanemorris.com

22 Justin J. Fields (SBN 259491)
   **DUANE MORRIS LLP**
23 Spear Tower
   One Market Plaza, Suite 2200 San Francisco, CA
24 94105-1127
25 Telephone: +1 415 957 3000
   Facsimile: +1 415 957 3001
26 E-Mail: jfields@duanemorris.com

27 *Attorneys for Defendant Optime Care Inc.*

28

## CIVIL LOCAL RULE 5-1 ATTESTATION

I, Robert W. Stone, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the signatories listed above.

DATED: October 4, 2024

By  */s/ Robert W. Stone*
Robert W. Stone

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing it to be electronically served on all attorneys of record.

By  */s/ Robert W. Stone*
Robert W. Stone