| | |
|---|---|
| Michael Shipley (SBN 233674)<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street, 37th Floor<br>Los Angeles, California 90071<br>Tel: (213) 680-8400<br>michael.shipley@kirkland.com | **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Robert W. Stone (Bar No. 163513)<br>  robertstone@quinnemanuel.com<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065<br>Telephone:    (650) 801-5000<br>Fax:                (650) 801-5100 |
| Devora W. Allon, P.C. (*Pro Hac Vice*)<br>Kevin M. Neylan, Jr. (*Pro Hac Vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Tel: (212) 446-4800<br>devora.allon@kirkland.com<br>kevin.neylan@kirkland.com | *Attorneys for Defendant Corcept Therapeutics, Inc.*<br>**DUANE MORRIS LLP**<br>Lucas C. Wohlford (admitted *Pro Hac Vice*)<br>100 Crescent Court, Suite 1200<br>Dallas, TX 75201<br>Telephone: +1 214 257 7200<br>Facsimile: +1 214 257 7201<br>E-Mail: lwohlford@duanemorris.com |
| *Attorneys for Plaintiff*<br>*Teva Pharmaceuticals USA, Inc.* | *Attorney for Defendant Optime Care Inc.*<br>[Additional Counsel Listed On Signature Page] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC.,<br><br>             Plaintiff,<br><br>    vs.<br><br>CORCEPT THERAPEUTICS, INC., et al.,<br><br>             Defendants. | Case No. 5:24-cv-03567-BLF<br><br>Honorable Beth Labson Freeman<br><br>**JOINT NOTICE REGARDING PARTIES' PROPOSAL AS TO CASE SCHEDULE IN RESPONSE TO CASE MANAGEMENT ORDER (DKT. 63)** |

The Court's November 4, 2024 case management order set dates for requesting leave to amend the pleadings, a further case management conference and case management statement, the last day to hear dispositive motions, a final pretrial conference, and trial.  Dkt. 63.  The Court's order also required the parties "to meet, confer, and submit a stipulation and order setting all deadlines not set by the Court . . . including discovery cut-offs and expert disclosure deadlines[.]"  Dkt. 63.

The parties have conferred and are in agreement on a case schedule, with one exception: a deadline for the substantial completion of document productions and final privilege logs.  The parties below provide their proposals regarding the schedule—dates that the Court has already set are highlighted in dark green, and dates that the Court did not previously set but that parties agree on are *not* highlighted.  The parties' lone dispute regarding a date for substantial completion of document productions and final privilege logs—a date that the Court did not previously set—is highlighted in red.  The parties also below provide their respective positions on that one disputed date.

| **Deadline** | **Plaintiff's Proposal** | **Defendants' Proposal** |
|---|---|---|
| Last Day to Request Leave to Amend Under Rule 15 | January 3, 2025 | January 3, 2025 |
| Case Management Statement Due | February 13, 2025 | February 13, 2025 |
| Case Management Conference | February 20, 2025, at 11 a.m. | February 20, 2025, at 11 a.m. |
| Substantial Completion of Document Productions and Final Privilege Logs | July 11, 2025 | N/A<br><br>[Defendants oppose the setting of a substantial completion deadline] |
| Close of Fact Discovery | November 21, 2025 | November 21, 2025 |
| Opening Expert Reports | January 9, 2026 | January 9, 2026 |
| Rebuttal Expert Reports | February 20, 2026 | February 20, 2026 |
| Completion of Expert Depositions | March 27, 2026 | March 27, 2026 |
| Final Date to File Dispositive Motions | May 15, 2026 | May 15, 2026 |

| Deadline | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Oppositions to Dispositive Motions | June 19, 2026 | June 19, 2026 |
| Replies on Dispositive Motions | July 17, 2026 | July 17, 2026 |
| Hearing Date for Dispositive Motions | August 13, 2026, at 9 a.m. | August 13, 2026, at 9 a.m. |
| Lead Counsel Meet-and-Confer Before Trial | October 29, 2026 | October 29, 2026 |
| Motions in Limine (Max. 5/Side) Due | November 9, 2026 | November 9, 2026 |
| Hearing Date for Non-in Limine *Daubert* Motions | November 12, 2026 at 9:00 a.m. | November 12, 2026 at 9:00 a.m. |
| Joint Pretrial Statement and Order | November 25, 2026 | November 25, 2026 |
| Jury Materials (Preliminary Statement of Case; Voir Dire; Jury Instructions; Verdict Form) | November 25, 2026 | November 25, 2026 |
| Oppositions to Motions in Limine | December 3, 2026 | December 3, 2026 |
| Pretrial Conference | December 10, 2026, at 1:30 p.m. | December 10, 2026, at 1:30 p.m. |
| Trial Briefs | January 4, 2027 | January 4, 2027 |
| Trial | January 11, 2027, at 9 a.m. | January 11, 2027, at 9 a.m. |

**Defendants' Position:**

Setting a deadline for the substantial completion of document productions and final privilege logs is both premature and unnecessary. Teva proposes that the parties substantially complete their document productions and exchange final privilege logs by July 11, 2025. However, it is unclear whether this case will proceed at all in light of Defendants' pending motion to dismiss, which is set for hearing on February 20, 2025. If this case does proceed, it is also unclear when the pleadings may

1  be settled—for example, the Court may grant Teva leave to amend (though Defendants maintain Teva
2  should *not* be granted leave to amend), and there may be additional rounds of motion to dismiss
3  briefing after that.  Moreover, it will take substantial time for the parties to negotiate—and if
4  necessary litigate—the scope of document production in this case, including with respect to the more
5  than 230 requests Teva has already served (and which Teva declined to stipulate to stay, pending the
6  Court's adjudication of Defendants' pending motion to stay discovery).  It will then require time for
7  the parties to agree upon—and if necessary—litigate document custodians and search terms, and for
8  the parties to after that then search for, review, and produce responsive documents.  All of this will
9  require time, making substantial completion by July 11, 2025 highly unlikely.  Building into the case
10 schedule an arbitrary substantial completion deadline is also unnecessary: neither the Northern
11 District's Local Rules nor this Court's standing orders require a substantial completion deadline.

**Plaintiff's Position:**

Given that the parties have agreed to a cutoff for fact discovery, Defendants provide no cogent reason why a deadline for the substantial completion of document productions and final privilege logs should not be set as well.  Defendants raise numerous hypothetical concerns—based on pending motions and issues the parties *may* end up litigating—to argue why setting such a deadline would be premature at this stage.  But the *possibility* of future contingent events is not a sound basis to not set a substantial completion deadline now.  (Indeed, the same could be said for all deadlines.)  Should those contingencies *actually* arise, the parties will, of course, be free to diligently approach the Court for any necessary modifications to the substantial completion deadline, or any other deadline for that matter.  *See* Fed. R. Civ. Proc. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  As the point of a substantial completion deadline is to ensure that parties have an adequate opportunity to review and follow up on documents received in discovery before conducting depositions, any modification of that deadline will very likely entail a similar modification of the fact discovery deadline too.  Defendants have identified no unique concern about setting a substantial completion deadline that would not equally apply to a fact discovery deadline.  Finally, Defendants' claim that a substantial completion deadline should not be set because neither the Northern District's Local Rules nor this Court's standing orders requires it is not persuasive.  To the contrary, given the

recognized importance of completing document production and review before the onset of depositions, setting substantial completion deadlines in complex litigation is a routine occurrence in this district. *See generally Valentine v. Crocs, Inc.*, 2023 WL 7461852, at *2 (N.D. Cal. Nov. 10, 2023); *In re Google RTB Consumer Priv. Litig.*, 2023 WL 3046793, at *1 (N.D. Cal. Apr. 21, 2023); *In re Telescopes Antitrust Litig.*, 2022 WL 3590342, at *1 (N.D. Cal. Aug. 22, 2022); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 WL 10282213, at *3 (N.D. Cal. Nov. 14, 2021). Doing so adds significant value for the administrative efficiency of the case. For all those reasons, Teva submits that the Court should include a substantial completion deadline to the case schedule, and that July 11, 2025 is a reasonable deadline under the circumstances.


| | | |
|---|---|---|
| 1 | Dated: November 15, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Devora W. Allon* |
| 4 | | Michael Shipley |
|  | | KIRKLAND & ELLIS LLP |
| 5 | | 555 South Flower Street, 37th Floor |
|  | | Los Angeles, California 90071 |
| 6 | | Tel: (213) 680-8400 |
| 7 | | michael.shipley@kirkland.com |
| 8 | | Devora W. Allon, P.C. |
|  | | Kevin M. Neylan, Jr. |
| 9 | | KIRKLAND & ELLIS LLP |
|  | | 601 Lexington Avenue |
| 10 | | New York, NY 10022 |
| 11 | | (212) 446 5967 |
|  | | devora.allon@kirkland.com |
| 12 | | kevin.neylan@kirkland.com |
| 13 | | *Attorneys for Plaintiff* |
| 14 | | *Teva Pharmaceuticals USA, Inc.* |

|   |   |
|---|---|
| By: | _/s/ Robert W. Stone_ |

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Robert W. Stone (Bar No. 163513)
  robertstone@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Fax:         (650) 801-5100

Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Fax:         (415) 875-6700

Steig D. Olson (admitted *pro hac vice*)
  steigolson@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:   (212) 849-7000
Fax:         (212) 849-7100

*Attorneys for Defendant Corcept Therapeutics, Inc.*

By: _/s/ Lucas C. Wohlford_

Lucas C. Wohlford (admitted *Pro Hac Vice*)
**DUANE MORRIS LLP**
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: +1 214 257 7200
Facsimile: +1 214 257 7201
E-Mail: lwohlford@duanemorris.com

Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200 San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
E-Mail: jfields@duanemorris.com

*Attorneys for Defendant Optime Care Inc.*

-6-   Case No. 5:24-cv-03567-BLF
JOINT NOTICE REGARDING PARTIES' PROPOSAL AS TO CASE SCHEDULE

## CIVIL LOCAL RULE 5-1 ATTESTATION

I, Robert W. Stone, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the signatories listed above.

DATED: November 15, 2024

By    */s/ Robert W. Stone*
     Robert W. Stone

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System, causing it to be electronically served on all attorneys of record.

By    */s/ Robert W. Stone*
     Robert W. Stone