UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br> Plaintiff, <br> v. <br> CORCEPT THERAPEUTICS, INC., et al., <br> Defendants. | Case No.  24-cv-03567-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTON TO STAY DISCOVERY AND VACATING HEARING** <br><br> [Re:  ECF No. 47] |

Before the Court is Defendants Corcept Therapeutics, Inc. and Optime Care Inc.'s (collectively, "Defendants") Joint Renewed Motion to Stay Discovery Pending resolution of their Renewed Joint Motion to Dismiss. ECF 47. The Court finds this motion appropriate for disposition without oral argument. *See* Civil Local Rule 7-1(b). After considering the moving and responding papers and the relevant record, the Court DENIES Defendants' Motion to Stay Discovery and VACATES the hearing set for January 2, 2025.

**I.   BACKGROUND**

Plaintiff Teva Pharmaceuticals USA, Inc. ("Plaintiff") alleges that Defendants have engaged in anti-competitive practices for years by monopolizing the market for and unreasonably restraining the trade in Korlym (mifepristone), a drug for treating endogenous Cushing's syndrome. *See* ECF 1, ¶¶ 123-33. On June 13, 2024, Plaintiff filed a complaint ("Original Complaint") alleging violations of Section 2 of the Sherman Act, 15 U.S.C. § 2, the California Unfair Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 *et seq.*, California's prohibition on contracts in restraint of trade ("Section 16600"), Cal. Bus. & Prof. Code § 16600, *et seq.*, State Antitrust and Consumer Protection Laws, and unjust enrichment. ECF 1, ¶¶ 209-73. On August 26, 2024, Defendants filed motions to dismiss and motions to stay discovery pending resolution of Defendants' motions to

1  dismiss. ECF 34, 35, 36, 37. On September 13, 2024, Plaintiff filed an Amended Complaint
2  ("Amended Complaint"), in which Plaintiff added a claim against Defendants for violating Section
3  1 of the Sherman Act, 15 U.S.C. § 1. ECF 39, ¶¶ 224-30. On September 16, 2024, the Court
4  terminated Defendants' motions to dismiss and motions to stay discovery as moot in light of the
5  Amended Complaint. ECF 40. On September 26, 2024, Defendants filed the Joint Motion to Stay
6  Discovery Pending Resolution of their Forthcoming Renewed Joint Motion to Dismiss. ECF 47. On
7  October 1, 2024, Plaintiff filed an opposition to the Joint Motion to Stay Discovery. ECF 49. On
8  October 4, 2024, Defendants filed a reply. ECF 50. On October 14, 2024, Defendants filed a Joint
9  Motion to Dismiss Plaintiff's Amended Complaint. ECF 55. On November 13, 2024, Plaintiff filed
10 an opposition to Defendants' Joint Motion to Dismiss. ECF 65. On November 25, 2024, Defendants
11 filed a reply in support of their Joint Motion to Dismiss. ECF 68.

## II.   LEGAL STANDARD

A district court "may, for good cause, issue an order to protect a party or person from … undue burden or expense," including by staying discovery. Fed. R. Civ. P. 26(c)(1); *see, e.g., Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *1 (N.D. Cal. Apr. 10, 2020); *In re Nexus 6P Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). A district court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Chadwick v. BMO Harris Bank NA*, 675 F. App'x 654, 655 (9th Cir. 2017). Courts in this district apply a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Reveal Chat*, 2020 WL 2843369, at *2 (citation omitted). The critical "question is only whether [movant's] motion to dismiss is 'potentially dispositive[.]'" *Id.* at *3 (citation omitted). Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at *2 (citation omitted). In applying this test, "the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *Id.* (citation omitted).

//

//

### III. DISCUSSION

Defendants argue that their Joint Motion to Dismiss presents case-dispositive grounds to dismiss the case. ECF 47 at 4-8. Specifically, Defendants argue that their Joint Motion to Dismiss has identified "fatal problems" with each of Plaintiff's claims. ECF 47 at 4. In their Joint Motion to Dismiss, Defendants argue that Plaintiff's claims under Sections 1 and 2 of the Sherman Act are time-barred, and that Plaintiff has failed to adequately plead its Sherman Act, UCL, Section 16600, State Antitrust and Consumer Protection Laws, and unjust enrichment claims. ECF 55. Defendants further argue that their Joint Motion to Dismiss can be decided without further discovery. ECF 47 at 8.

Plaintiff contends that Defendants' Joint Motion to Dismiss is not case dispositive because Defendants have failed to show that Plaintiff "will be 'unable to state a claim for relief.'" ECF 49 at 9 (citing *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *1 (N.D. Cal. 2005)). Plaintiff argues that, even if Defendants succeed on their Joint Motion to Dismiss, Plaintiff will be entitled to amend its complaint to cure any defects, and thus a stay of discovery is not warranted. ECF 49 at 9. Further, Plaintiff argues that Defendants' challenge to its Sherman Act claims requires discovery. ECF 49 at 9-10.

The Court finds that Defendants have not demonstrated that Plaintiff will be unable to state a claim for relief or that the pending motion to dismiss will terminate this case. While a substantive analysis of the motion to dismiss would be premature at this time, a "preliminary peek" at the Joint Motion to Dismiss shows that Defendants have mounted an aggressive attack at the Amended Complaint. *See* ECF 55. But only some of the claims are challenged on statute of limitations grounds, which could be case dispositive to those claims. *See id.* A significant portion of the Amended Complaint is only challenged on garden variety insufficiency grounds which even if successful, would lead to leave to amend. On this basis, the Court does not find that a stay is warranted. *See Tavantzis*, 2024 WL 812012, at *2.

//

//

//

3

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

Defendants' Joint Renewed Motion to Stay Discovery pending resolution of their motion to dismiss is DENIED; and the January 2, 2025, hearing is VACATED.

Dated:  December 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge

4