**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Robert W. Stone (Bar No. 163513)
  robertstone@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:   (650) 801-5000
Fax:              (650) 801-5100

Adam B. Wolfson (Bar No. 262125)
  adamwolfson@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:   (415) 875-6600
Fax:              (415) 875-6700

*Attorneys for Defendant Corcept Therapeutics, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., | Case No. 5:24-cv-03567-BLF |
| Plaintiff, | Honorable Beth Labson Freeman |
| vs. | **DECLARATION OF ROBERT W. STONE IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S 33 NON-PARTY DOCUMENT SUBPOENAS** |
| CORCEPT THERAPEUTICS, INC., et al., | |
| Defendants. | |

I, Robert W. Stone, declare:

1. I am an attorney licensed to practice in the State of California and a member of the Bar of this Court. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, and serve as counsel for Defendant Corcept Therapeutics, Inc. ("Corcept") in this action. I have been actively involved in this action, am familiar with the proceedings, and have personal knowledge of the matters stated herein. If called as a witness, I could and would testify competently thereto.

2. On January 16, 2025, Corcept learned that Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") was in the process of serving non-party document subpoenas on various healthcare providers.

3. Given Teva's lack of prior notice of the subpoenas under Federal Rule of Civil Procedure 45(a)(4), Corcept on January 17, 2025 sent Teva a letter requesting that Teva withdraw the approximately six subpoenas that Corcept had as of then learned about.

4. Three days later, on January 20, 2025, Teva responded via letter acknowledging the subpoenas for the first time (some of which had apparently been served days earlier). In its January 20, 2025 response, Teva refused to withdraw the subpoenas. Along with its letter, Teva on January 20, 2025 provided a notice of subpoenas that revealed Teva had in fact served (or was serving) a total of 33 non-party subpoenas, not just the six Corcept learned of and wrote Teva about on January 17.

5. Teva's notice attached copies of the 33 subpoenas, but the notices omitted the dates that the subpoenas were either propounded (sent out for service) or actually served on the recipients. The absence of that information frustrates determining when the objection deadline for the subpoenas may run. *See* Fed. R. Civ. P. 45(d)(2)(B) (indicating objections "must be served before the earlier of the time specified for compliance ***or 14 days after the subpoena is served***") (emphasis added).

6. On January 26, 2025, Corcept responded to Teva's January 20 letter via email asking a series of questions regarding the subpoenas, including when each was propounded, and when each was actually served (if at all).

7. On January 27, 2025, Teva responded to Corcept's January 26 email. In that correspondence, Teva declined to specify when each subpoena was propounded or actually served.

8. On January 29, 2025, Corcept again asked Teva to withdraw the subpoenas. Teva responded that same day and stated it would not do so.

9. Corcept understands that at least one of Teva's subpoenas was actually served 14 days ago on January 16, 2025, potentially making today the objection deadline for that subpoena. Since Teva has refused to confirm when each subpoena was actually served (if at all), the objection deadline for other subpoenas in Teva's January 20 notice is unknown to Corcept at this time. Because Teva has declined to withdraw the subpoenas, Defendants are, out of an abundance of caution, concurrently filing a motion for protective order within the 14-day objection period to preserve their rights as to the non-party subpoenas.

10. Attached hereto as **Ex. A** is a true and correct excerpted copy of Teva's January 20, 2025 Notice of Subpoenas Directed to Healthcare Providers. Teva's notice included as attachments copies of 33 non-party subpoenas, which each contained the same 13 document requests. For the Court's convenience, Defendants are including in **Ex. A** Teva's notice as well as a copy of one of the subpoenas, which appears to be materially the same as the other subpoenas contained in Teva's notice (the other subpoenas are being omitted from the excerpt).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 30th day of January 2025 in Redwood Shores, California.

By  */s/ Robert W. Stone*
Robert W. Stone