# EXHIBIT A

## EXCERPT OF TEVA'S JANUARY 20, 2025 NOTICE OF SUBPOENAS

Michael Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
555 South Flower Street, 37th Floor
Los Angeles, California 90071
Tel: (213) 680-8400
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*Pro Hac Vice*)
Kevin M. Neylan, Jr. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

TEVA PHARMACEUTICALS USA, INC.,

Plaintiff,

v.

CORCEPT THERAPEUTICS, INC., AND OPTIME CARE INC.,

Defendants.

Case No: 5:24-cv-03567-BLF

**NOTICE OF SUBPOENAS DIRECTED TO HEALTHCARE PROVIDERS**

PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Teva Pharmaceuticals USA, Inc., by and through its undersigned attorneys, hereby serves upon all parties via service on all counsel of record, their Notice of Subpoenas to Brandi Addison, Robin M. Anderson, Lashelle F. Barmore, David R. Brown, Peter W. Butler, Elena A. Christofides, Pejman E. Cohan, Ralph A. Defronzo, Matthew T. Draelos, Bradley S. Eilerman, Daniel Einhorn, Todd William Frieze, Sandi Jo Galati, Alison Lynn Gracom, Stephen A. Harrison, Honey East, Jerry Back, Allan L. Kennedy, Elizabeth E. King, Laura A. Knecht, Eduardo Dusty Luna, Steven P. Manuli, Allan Marcus, Joseph Mathews, Jonathan G. Ownby, Kevin M. Pantalone, Phillip Rabito, University of Michigan Hospitals & Health Centers, UT MD Anderson Cancer Center, Jennifer Williams, Hanford Yau, Matthew C. Young, and Kevin C. J. Yuen. Copies of each subpoena are attached hereto.

Dated: January 20, 2025

By: */s Michael Shipley*

Michael Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
555 South Flower Street, 37th Floor
Los Angeles, California 90071 Tel:
(213) 680-8400
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*) Kevin M. Neylan, Jr. (*pro hac vice*) KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446 5967
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

**CERTIFICATE OF SERVICE**

I, Jennifer Joslin, the undersigned, hereby declare as follows:

I am a resident of the State of Utah, over the age of eighteen years, and not a party to this action. I am employed by Kirkland & Ellis LLP, counsel of record for Plaintiff Teva Pharmaceuticals USA, Inc. My business and mailing address is 95 S. State St., Salt Lake City, UT 84111.

On January 20, 2025, I served and caused to be served true and correct copies of the following document(s):

**NOTICE OF SUBPOENA DIRECTED TO HEALTHCARE PROVIDERS**

by sending them via electronic transmission to the following persons at the electronic mail addresses below:

Robert W. Stone
Adam B. Wolfson
QUINN EMMANUEL URQUHART & SULLIVAN, LLP
roberstone@quinnemanuel.com
adamwolfson@quinnemanuel.com

*Counsel for Corcept Therapeutics, Inc.*

Justin J. Fields
Lucas C. Wohlford
DUANE MORRIS LLP
jfields@duanemorris.com
lwohlford@duanemorris.com

*Counsel for Optime Care Inc.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of January, 2025 in Salt Lake City, Utah.

Dated: January 20, 2025

Respectfully submitted, By: */s/ Jen Joslin*

# TAB A: Subpoena to Brandi Addison

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC.,<br>*Plaintiff*<br>v.<br>CORCEPT THERAPEUTICS, INC., and OPTIME CARE INC.,<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 5:24-cv-03567-BLF |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Brandi Addison, 7121 S. Padre Island Dr. Ste. 300 Corpus Christi, TX 78412-4940

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Texas Civil Process<br>924 Leopard St.<br>Corpus Christi, Texas 78401 (or, electronically) | Date and Time:<br>02/07/2025 5:00 pm |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

/s/ Devora W. Allon

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Teva Pharmaceuticals USA, Inc. , who issues or requests this subpoena, are:

Devora W. Allon, Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022; (212) 446-4800; Michael Shipley, Kirkland & Ellis LLP, 555 South Flower St., Los Angeles, CA 90071; (213) 680-8400

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:24-cv-03567-BLF

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:



Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

In addition to the definitions and instructions set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and any applicable instruction in the Local Rules or Orders of this Court, the following definitions and instructions apply to each of the discovery requests set forth herein, and are deemed to be incorporated in each of the requests.

## DEFINITIONS

1. The term "ANDA" means Abbreviated New Drug Application as defined in 21 U.S.C. § 355(j).

2. The terms "and" and "or," as used herein, are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

3. The terms "any" and "all," as used herein, mean "any and all" and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

4. The term "Authorized Generic" means an approved brand drug marketed as a generic drug equivalent.

5. The term "communication," as used herein, means and includes any transmission or exchange of information between two or more Persons, whether orally or in writing, and including but not limited to any conversation or discussion by means or letter, note, memorandum, telephone, telegraph, telex, telecopy, fax transmission, cable, e-mail, voice message, or electronic or any other medium.

6. The term "Complaint," as used herein, refers to the complaints filed by Plaintiff Teva, or the operative versions thereof.

7. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

8. The terms "Corcept" means Defendant Corcept Therapeutics, Inc., as well as all of Your predecessors and successors thereof, any of their former or current affiliates, parents, or

subsidiaries, and any of their directors or officers, as well as any employees, agents, representatives, or other persons acting or purporting to act on behalf of the foregoing.

9. The term "Corcept-Dohmen Agreement" refers to any agreement between Corcept and Dohmen relating to Korlym, Authorized Generic Korlym, Generic Korlym, or Teva.

10. The term "Corcept-Optime Agreement" refers to any agreement between Corcept and Optime relating to Korlym, Authorized Generic Korlym, Generic Korlym, or Teva.

11. The term "Corcept-Teva Patent Litigation" means the cases captioned *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 1:18-cv-03632-RMB-LDW (D.N.J.), *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:19-cv-05066-SDW-CLW (D.N.J.), *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 2:19-cv-21384-SDW-LDW (D.N.J.), and *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 1:23-cv-01505-RMB-LDW (D.N.J.), and any related cases.

12. The term "date," as used herein, means the exact day, month, and year, if ascertainable, or if not, the best approximation.

13. The terms "describe" or "description," as used herein, means to state all facts of which You are aware concerning the subject, including but not limited to identifying any dates, any person involved in or with knowledge of the subject, and any places or locations relevant to the subject.

14. The term "document," as used herein, means the original and all non-identical copies of any handwritten, printed, typed, recorded, or graphic or photographic material of any kind and nature, including all drafts thereof and all mechanical or electronic sound recordings or transcripts thereof, however produced or reproduced, and including but not limited to accounting materials, accounts, agreements, analyses, appointment books, books of account, calendars, catalogs, checks, computer data, computer disks, computer generated or stored information, computer programming materials, contracts, correspondence, date books, diaries, diskettes, drawings, electronic mail ("e-mail") messages, faxes, guidelines, instructions, inter-office communications, invoices, ledgers, letters, licenses, logs, manuals, memoranda, metadata,

microfilm, minutes, notes, opinions, payments, plans, receipts, records, regulations, reports, statements, studies, surveys, telegrams, telexes, timesheets, vouchers, word processing materials (however stored or maintained) and working papers, and all other means by which information is stored for retrieval in fixed form.

15. The term "Dohmen," as used herein, means Dohmen Life Sciences Services, LLC, as well as all of its predecessors and successors thereof, any of their former or current affiliates, parents, or subsidiaries, and any of their directors or officers, as well as any employees, agents, representatives, or other persons acting or purporting to act on behalf of the foregoing.

16. The term "FDA" means the United States Food and Drug Administration, including subdivisions, units, divisions, centers, offices, committees and any employee, officer, or other agent thereof.

17. The terms "Generic," "generically equivalent product," or "generic drug equivalent" mean a pharmaceutical or drug product that has been submitted to, or deemed by, the FDA as meeting necessary requirements to be bioequivalent or therapeutically equivalent to a branded product, as such is defined by the FDA.

18. The term "identify" means:

1. When referring to a person, to identify means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment;
2. When referring to a Document, to identify means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s), and recipient(s).

19. The term "Healthcare Professional" means any person who, in the course of his or her professional activities, may prescribe, recommend, purchase, supply, sell, or administer a pharmaceutical product.

20. The term "Korlym" means all pharmaceutical products that were or are labeled, marketed, or sold under the trademark or name "Korlym" (or any variant thereof), regardless of

the dosage strength or package size, including but not limited to, the pharmaceutical products described in the New Drug Application No. 202107, as well as any supplements thereto or generic version thereof, including any authorized generic version thereof.

21. The term "Korlym Litigation Patents" means the '348 patent, the '495 patent, the '214 patent, the '800 patent, the '801 patent, the '526 patent, the '242 patent, the '243 patent, and the '216 patent.

22. The term "NDA" means New Drug Application as defined in 21 U.S.C. § 355.

23. The term "non-physician practitioner" means any healthcare professional who offers medical services and is not a physician, including anyone who is not a physician and had the actual or apparent authority to prescribe or recommend Korlym or generically equivalent products, and anyone who is not a physician and You believed had the authority to prescribe or recommend Korlym or generically equivalent products, as well as any employees, agents, representatives, or other persons acting or purporting to act on behalf of any such non-physician practitioner.

24. The term "Optime," as used herein, means Defendant Optime Care Inc., as well as all of its predecessors and successors thereof, any of their former or current affiliates, parents, or subsidiaries, and any of their directors or officers, as well as any employees, agents, representatives, or other persons acting or purporting to act on behalf of the foregoing.

25. The term "Orange Book" means the FDA publication Approved Drug Products with Therapeutic Equivalence Evaluations.

26. The term "Orphan Drug Designation" refers to a drug's status as an "orphan" under the Orphan Drug Act of 1983.

27. The terms "Paragraph IV Certification" refers to a certification issued by a generic manufacturer under the Hatch-Waxman Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

28. The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

29. The term "physician" means any healthcare professional who has the actual or apparent authority to practice medicine, including anyone who had the actual or apparent authority to prescribe Korlym or generically equivalent products, and anyone You believed had the authority to prescribe Korlym or generically equivalent products, as well as any employees, agents, representatives, or other persons acting or purporting to act on behalf of any such physician.

30. The terms "related to," "relate to," "regarding," "relating to," "about," and "concerning," as used herein, mean mentioning, citing, quoting, regarding, involving, representing, constituting, discussing, reflecting, identifying, describing, referring to, containing, enumerating, evidencing, supporting, or in any way concerning, in whole or in part, directly or indirectly.

31. The "Relevant Time Period" is February 1, 2012 to the present date unless otherwise specified.

32. The term "Teva," as used herein, means Plaintiff Teva Pharmaceuticals USA, Inc., as well as all of its predecessors and successors thereof, any of their former or current affiliates, parents, or subsidiaries, and any of their directors or officers, as well as any employees, agents, representatives, or other persons acting or purporting to act on behalf of the foregoing.

33. The term "Transfer of Value" means any payment or other form of compensation, including cash, in-kind items, services, travel expenses, meals, consulting fees, research funding, and stock options.

## INSTRUCTIONS

1. The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

2. Unless otherwise specified, (a) the singular includes the plural and vice versa, and (b) the present tense includes the past tense and vice versa. Terms 'and' and 'or' shall be construed inclusively rather than exclusively.

3. If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated. If there is an objection to any part of a request, then the part objected to should be identified and documents responsive to the remaining unobjectionable part should be timely produced.

4. Any alteration of a responsive document, including notes, underlining, stamps, drafts, revisions, modifications, and other versions of a final document, is a separate document and is to be produced as a separate document.

5. Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

6. Pursuant to Rule 45(e) of the Federal Rules of Civil Procedure, documents shall be produced: (a) as maintained in the ordinary course of business, with associated labels and folders, or (b) organized to correspond to specific requests. All documents containing markings thereon that cannot be legibly or accurately copied shall be produced in their original form; otherwise, You may produce photocopies. Each page shall be given a unique production number.

7. For documents withheld on grounds of privilege, provide a privilege log containing: (a) document date, (b) author(s) and recipient(s), (c) general subject matter, and (d) basis for the privilege claim.

**DOCUMENTS TO BE PRODUCED**

1. All Documents and Communications relating to, referring to, reflecting, or evidencing any Transfer of Value from Corcept, Optime, or their representatives to You, including documents sufficient to identify the reason(s) for any Transfer of Value, including any research or non-research grants, any medical director fees, speaker payments, or other benefits.

2. All Documents and Communications relating to, referring to, reflecting, or evidencing any agreements or contracts between You and Corcept or Optime, including final executed agreements and amendments and any draft agreements and related negotiations.

3. All Communications between You and Corcept, or Optime, or any other Healthcare Professional relating to brand Korlym, Authorized Generic Korlym, generic Korlym, Teva, or any potential manufacturer of generic Korlym.

4. All Documents and Communications that You produced, served, received, or exchanged in connection with the investigation of Corcept and/or Optime and/or You and/or any other Healthcare Professional by any State or Federal government agency, including the United States Attorney's Office for the District of New Jersey, related to Korlym, Authorized Generic Korlym, and/or generic Korlym. For avoidance of doubt, this Request includes all such documents and communications that were served on (or otherwise made available to) any State or Federal government agency (including the United States Attorney's Office for the District of New Jersey), including but not limited to letters, discovery requests and responses, privilege and other logs of withheld documents, production logs, memoranda and exhibits thereto, briefs and exhibits thereto, affidavits and declarations and exhibits thereto, and all other documents generated or used by any party or nonparty in this investigation.

5. All Communications between You (including Your counsel) and any agency of the United States government or of any State government, regarding the investigation of Corcept and/or Optime and/or You and/or any other Healthcare Professional, related to Korlym, Authorized Generic Korlym, and/or generic Korlym, by any State or Federal government agency, including the United States Attorney's Office for the District of New Jersey.

6. All Communications between You and Corcept or Optime—including correspondence between counsel—relating to or referring to the investigation of Corcept and/or Optime and/or You and/or any other Healthcare Professional, related to Korlym, Authorized Generic Korlym, and/or generic Korlym, by any State or Federal government agency, including by the United States Attorney's Office for the District of New Jersey.

7. Documents sufficient to show any services, tools, resources, or other forms of assistance provided to You by Corcept, Optime, or any third party, for use in prescribing,

recommending, or treating patients with brand Korlym and/or Authorized Generic Korlym, including any start forms, referral forms, or prescription forms.

8. Documents sufficient to show any services, tools, resources, or other forms of assistance provided to You by Corcept, Optime, or any third party, for use in requesting or receiving reimbursement for a prescription of brand Korlym and/or Authorized Generic Korlym from any health insurer, including any private or government payor.

9. Documents sufficient to show any marketing message, advertisements, or promotional materials relating to brand Korlym and/or Authorized Generic Korlym.

10. All Documents and Communications relating or referring to any pharmacy other than Optime through which You considered or discussed submitting prescriptions for brand Korlym, Authorized Generic Korlym, and/or generic Korlym.

11. All Documents and Communications relating to, referring to, reflecting, or evidencing Your decision to submit prescriptions for brand Korlym, Authorized Generic Korlym, and/or generic Korlym to Optime, including documents sufficient to show Your reasons or justifications for such decision.

12. All Documents and Communications relating or referring to the cost, safety, and/or efficacy of generic Korlym, brand Korlym, and/or Authorized Generic Korlym.

13. All Documents and Communications relating or referring to the impact on patients of prescribing brand Korlym and/or Authorized Generic Korlym rather than generic Korlym.

**ATTORNEYS OF RECORD FOR ALL PARTIES**

| | |
|---|---|
| Michael Shipley<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street, 37th Floor<br>Los Angeles, California 90071<br>Tel: (213) 680-8400<br>michael.shipley@kirkland.com<br><br>Devora W. Allon, P.C. (pro hac vice)<br>Kevin M. Neylan, Jr. (pro hac vice)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>(212) 446 5967<br>devora.allon@kirkland.com<br>kevin.neylan@kirkland.com<br><br>*Attorneys for Plaintiff*<br>*Teva Pharmaceuticals USA, Inc.* | Robert W. Stone<br>Adam B. Wolfson<br>QUINN EMMANUEL URQUHART & SULLIVAN, LLP<br>roberstone@quinnemanuel.com<br>adamwolfson@quinnemanuel.com<br><br>*Counsel for Corcept Therapeutics, Inc.*<br><br>Justin J. Fields<br>Lucas C. Wohlford<br>DUANE MORRIS LLP<br>jfields@duanemorris.com<br>lwohlford@duanemorris.com<br><br>*Counsel for Optime Care Inc.* |