UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br> Plaintiff, <br> v. <br> CORCEPT THERAPEUTICS, INC., et al., <br> Defendants. | Case No. 24-cv-03567-NW (VKD) <br><br> **ORDER RE FEBRUARY 28, 2025 DISCOVERY DISPUTE RE PROPOSED PROTECTIVE ORDER** <br><br> Re: Dkt. No. 82 |

Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") and defendants Corcept Therapeutics, Inc. and Optime Care Inc. (collectively, "defendants") ask the Court to resolve their dispute regarding whether the protective order in this action should permit a party's designated in-house counsel, who satisfy certain criteria, access to "Highly Confidential" materials produced by another party in discovery. Dkt. No. 82. The parties attach competing proposed protective orders. Dkt. No. 82-1 (Teva); Dkt. No. 82-2 (defendants). The Court finds this matter suitable for decision without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court adopts defendants' proposed protective order, without prejudice to Teva's ability to seek access for its in-house counsel at a later time.

**I.  BACKGROUND**

In this action, Teva charges defendants with anticompetitive conduct, asserting multiple claims under federal and state law. Dkt. No. 39. The parties appear to agree that discovery in this case will require the exchange of confidential and highly confidential material, including materials that are proprietary and competitively-sensitive, including trade secret information.

For purposes of their respective protective order proposals, the parties agree that "Highly

1   Confidential"[1] materials are "extremely sensitive" documents or information that qualify for

2   protection under Rule 26(c)(1)(g) of the Federal Rules of Civil Procedure,

> disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Subject to such qualifier, such information may fall into one or more of the following categories: (i) highly sensitive trade secrets, intellectual property, or proprietary technical information, including, without limitation, research information, design and technical documents and internal product specifications; (ii) highly sensitive business, financial or marketing information, including, without limitation, licenses, forecasts, customer lists, pricing data, cost data, customer orders, customer quotations and marketing plans; (iii) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (iv) Protected Health Information; or (v) other proprietary information that the Designating Party believes is entitled to extraordinary protection or is of such nature and character that the unauthorized disclosure of such information is likely to harm the competitive or economic position of the Designating Party or provide improper advantage to others.

Dkt. No. 82-1, sec. 2.10; Dkt. No. 82-2, sec. 2.9. The parties also agree that a party's in-house counsel (referred to as "House Counsel," and defined as "attorneys or individuals responsible for management of litigation, who are employees of a party to this action") may access "Confidential" materials produced by another party. *See* Dkt. No. 82-1, secs. 2.11, 7.2; Dkt. No. 82-2, secs. 2.10, 7.2.

The parties disagree about whether and under what circumstances a party's in-house counsel may ever have access to an opposing party's "Highly Confidential" materials. Defendants' proposed protective order prohibits such access, except to the extent the parties separately agree to, or the Court orders, disclosure of specific materials to such counsel. *See* Dkt. No. 82-2, sec. 7.5. Teva's proposed protective order permits designated in-house counsel (referred to as "Designated House Counsel") access to "Highly Confidential" materials where: (1) in-house counsel has "no involvement in competitive decision-making," (2) disclosure to in-house counsel

---

[1] Reflecting their respective positions, Teva labels this category "Highly Confidential—Attorneys' Eyes Only," while defendants label this category "Highly Confidential—Outside Attorneys' Eyes Only."

is "reasonably necessary for this litigation," (3) in-house counsel signs an "Acknowledgment and Agreement to Be Bound" by the terms of the protective order, and (4) the party seeking to disclose such materials to in-house counsel first makes a written request to do so in which the party provides counsel's name, residence location, and a sufficiently detailed description of his or her current and foreseeable future primary job duties and responsibilities. *See* Dkt. No. 82-1, secs. 2.6, 7.3(b), 7.4(a)(1). Teva's proposal, like defendants', also includes a provision permitting disclosure of specific materials to such counsel, to the extent the parties separately agree, or the Court so orders. *See id.*, sec. 7.5.

## II.   DISCUSSION

The parties' competing proposals concern a so-called "blanket protective order." Entry of such a protective order, often by stipulation and for purposes of facilitating discovery, typically does not require either party to make the "good cause" showing required by Rule 26(c) with respect to the handling of any particular discovery material. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (discussing nature of blanket protective orders). Teva complains that defendants' proposal "amounts to a blanket prohibition" on in-house counsel's access to highly confidential materials, while defendants counter that Teva's proposal relies on "boilerplate" declarations to permit such in-house counsel's access to all such materials. The question presented by this dispute concerns where to set the starting point or default regarding which counsel may have access to highly confidential material, *as a practical matter*, to facilitate the exchange of discovery materials.

As between in-house counsel and outside counsel, the Court must not make "arbitrary distinctions" based on the type of counsel employed, but should instead "examine factually all the risks and safeguards surrounding inadvertent disclosure by *any* counsel, whether in-house or retained," including the specific material in question and whether the counsel to whom disclosure is sought is likely to be involved in "competitive decisionmaking." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470-71 (9th Cir. 1992) (adopting analysis in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984)). The record presented by the parties does not permit the Court to engage, at this stage of the case, in the kind of fact-specific analysis *Brown*

*Bag Software* contemplates. *See id.* at 1470 (discussing in-house counsel's access to specific trade secret materials). The "Highly Confidential" category of material in the parties' agreed provision includes five categories of information, the last of which is a catch-all "other proprietary information" that a party believes should be so designated. No specific documents are identified for the Court. As Teva acknowledges, "[t]here is no way for the parties to evaluate, in the abstract, whether specific counsel have a need to see specific materials." Likewise, there is no way for the Court to make this evaluation. Nor can the Court conclude that Teva's approach is the most expeditious solution. If Teva's supporting declaration is an example of the showing it believes would satisfy the requirements of its proposed section 7.4(a)(1) for in-house counsel access, the Court is unimpressed. Teva's supporting declaration offers generic assertions that five of its in-house counsel have a need for access to all of defendants' highly confidential material; provides minimal descriptions of their activities on Teva's behalf; and offers conclusory statements that none of them is engaged in "competitive decisionmaking." *See* Dkt. No. 83-2.

Litigants in this District often do agree to adopt the optional provision from the Model Order permitting *some* in-house counsel access to *some* highly confidential material that would otherwise be accessed only by the parties' outside counsel (whom all agree *must* have access). But in this case, given how broadly the parties have defined the "Highly Confidential" category of materials, the Court is not inclined to adopt Teva's proposed provision for in-house counsel access to that entire category absent a more compelling showing that such a provision should be included in a blanket protective order for this case.

For these reasons, the Court adopts defendants' proposed protective order, without prejudice to either or both parties revisiting with the Court whether and to what extent their respective in-house (or other) counsel should be permitted access to some or all of an opposing party's highly confidential materials, either on a document/information-specific basis or on a categorical basis.

### III. CONCLUSION

Defendants shall promptly file their proposed form of protective order as a separate entry on the docket for signature by the Court.

4

**IT IS SO ORDERED.**

Dated: March 14, 2025

Virginia K. DeMarchi
United States Magistrate Judge