UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC.,<br>Plaintiff,<br>v.<br>CORCEPT THERAPEUTICS, INC., et al.,<br>Defendants. | Case No. 24-cv-03567-NW  (VKD)<br><br>**ORDER RE MAY 2, 2025 DISCOVERY DISPUTE RE CORCEPT DOCUMENT REQUESTS**<br>Re: Dkt. No. 98 |

Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") and defendant Corcept Therapeutics, Inc. ("Corcept") ask the Court to resolve their dispute regarding Corcept's requests for four categories of documents from Teva. Dkt. No. 98. The Court held a hearing on this matter on May 13, 2025. Dkt. Nos. 100, 103 (hearing transcript).

As framed by the parties, this dispute concerns four categories of documents Corcept requests from Teva:

1. *Orange Book*: Documents reflecting Teva's practices in listing patents in the Orange Book.

2. *Sham litigation*: Documents reflecting Teva's practices in initiating and maintaining patent infringement actions.

3. *Exclusive dealing*: Documents reflecting Teva's use of exclusive dealing agreements.

4. *Physician payments*: Documents reflecting Teva's payments to physicians in connection with its own drugs.

Dkt. No. 98 at 1.

For the reasons explained on the record during the hearing, the Court is not persuaded that

1  Teva's own practices regarding Orange Book listings or patent enforcement actions have any
2  bearing on whether Corcept's own Orange Book listings and patent enforcement action were
3  objectively baseless or reflect subjective bad faith. Conversely, Teva's own practices regarding
4  exclusive dealing agreements and payments to physicians may yield information relevant to
5  whether Corcept's conduct was reasonable and consistent with industry norms, which Corcept
6  may then use to rebut Teva's allegations that Corcept's conduct is unusual and reflects anti-
7  competitive behavior. Thus, the Court concludes that Corcept may not obtain discovery from
8  Teva regarding the first and second categories, but may obtain discovery regarding the third and
9  fourth categories.

Teva's objections regarding the burdensomeness of Corcept's requests are well-taken, given the number of drugs it offers. However, during the hearing Corcept suggested that the documents it seeks regarding Teva's exclusive dealing agreements and physician payments may be easily identified by means of database queries, and Teva conceded that it could undertake such queries. Dkt. No. 103 at 14:9-25; *see also id.* at 16:17-25. Corcept further suggested that a representative sample may be sufficient. *Id.* at 13:18-20.

Accordingly, the Court orders the parties to confer regarding parameters defining a representative sample of responsive documents within the third and fourth categories described above. **By May 23, 2025**, the parties shall file a joint status report describing their agreed or respective proposals for Teva's production of these documents.

**IT IS SO ORDERED.**

Dated: May 16, 2025

Virginia K. DeMarchi
United States Magistrate Judge