UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br> Plaintiff, <br> v. <br> CORCEPT THERAPEUTICS, INC., et al., <br> Defendants. | Case No. 24-cv-03567-NW (VKD) <br><br> **FURTHER ORDER RE MAY 2, 2025 DISCOVERY DISPUTE RE CORCEPT DOCUMENT REQUESTS** <br><br> Re: Dkt. Nos. 98, 107 |

The Court has reviewed the parties' status report regarding their respective proposals for Teva's production of responsive documents reflecting its use of exclusive dealing agreements and reflecting payments to physicians in connection with its own drugs. *See* Dkt. No. 107; Dkt. No. 105 at 2.

In its May 16, 2025 order, the Court concluded that Corcept may obtain discovery of Teva regarding two categories of responsive documents: exclusive dealing agreements (third category) and physician payments (fourth category). *See* Dkt. No. 105. In the discovery dispute letter that preceded that order, Corcept did not identify particular document requests corresponding to each category, but cited collectively only the following RFPs: 1, 6, 15, 16, 22, 43-47, and 59. *See* Dkt. No. 98 at 1. In resolving the parties' dispute, the Court also did not refer to particular RFPs. However, the Court observes that, of the disputed document requests, only RFPs 43-47 appear to concern physician payments and none appear to concern exclusive dealing agreements. *See* Dkt. No. 98-1. To address Teva's objections regarding burden, the Court directed the parties to "confer regarding parameters defining a representative sample of responsive documents within the third and fourth categories." Dkt. No. 105 at 2.

Having considered the parties' status report, the Court orders as follows:

1. If, after a reasonable investigation, Teva determines that it does not maintain a "speaker program" or otherwise make physician payments withing the scope of RFPs 43-47 related to any generic drugs, it must supplement its responses to RFPs 43-47 to so state by **June 17, 2025**.

2. Teva must investigate reasonably accessible non-custodial source(s) to identify and produce data reflecting "speaker fees" and other physician payments withing the scope of RFPs 43-47 in connection with all of its approximately 20 branded drugs by **June 24, 2025**.

3. Teva represents that it does not have any exclusive dealing agreements related to any generic drugs. Dkt. No. 107 at 5. As none of the disputed document requests before the Court appear to seek any other type of distribution agreement, the Court will not order Teva to produce any such agreements at this time.[1]

4. Teva must investigate reasonably accessible non-custodial source(s) to identify and produce any exclusive dealing agreements for all of its approximately 20 branded drugs by **June 24, 2025**. As none of the disputed document requests before the Court appear to seek any other type of distribution agreement, the Court will not order Teva to produce any such agreements at this time.[2]

**IT IS SO ORDERED.**

Dated: May 27, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] Nothing should prevent the parties from continuing their discussions regarding discovery of other agreements. *See* Dkt. No. 107 at 4-6.

[2] See footnote 1.