UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br> Plaintiff, <br> v. <br> CORCEPT THERAPEUTICS, INC., et al., <br> Defendants. | Case No. 24-cv-03567-NW (VKD) <br><br> **ORDER RE JULY 23, 2025 DISCOVERY DISPUTE** <br> Re: Dkt. No. 119 |

The parties disagree about whether plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") should be required to produce to defendant Corcept Therapeutics, Inc. ("Corcept") all Teva agreements that require or incentivize Teva's partners to sell its branded drugs to the exclusion of available generics. Dkt. No. 119. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

Corcept contends that its present demand is (or should be) within the scope of the Court's May 27, 2025 order (Dkt. No. 108) requiring Teva to produce "any exclusive dealing agreements for all of its approximately 20 branded drugs." Dkt. No. 119 at 1, 4. Teva objects that Corcept never raised the question of "incentive-based" agreements in connection with the parties' earlier dispute that preceded the Court's May 27, 2025, and that the Court's order cannot be read to encompass such agreements. *Id.* at 4-5. Teva also objects that such agreements are not relevant because they differ in material respects from the exclusive dealing arrangement at issue in this action. *Id.* at 5. Corcept disagrees. *Id.* at 3. Finally, Teva points out that Corcept only recently served a document request that, in Teva's view, encompasses Teva's incentive-based agreements, and advises that the parties are still negotiating the scope of this request. *Id.* at 5-6 (citing RFP

89).

The Court is not persuaded that the resolution of this dispute simply requires the Court to enforce its May 27, 2025 order. Rather, the Court's determination of this dispute would benefit from the parties' completion of their discussion regarding RFP 89 and consideration of the Ninth Circuit's decision in *CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 141 F.4th 1075, 1091 (9th Cir. 2025), and other authority regarding de facto exclusive dealing agreements, and consideration of how those authorities and other factors inform a determination of which Teva agreements may be relevant to this action.

Accordingly, Corcept's request for an order to compel production all Teva agreements that require or incentivize Teva's partners to sell its branded drugs to the exclusion of available generics is denied, without prejudice.

**IT IS SO ORDERED.**

Dated: July 25, 2025

Virginia K. DeMarchi
United States Magistrate Judge