Michael Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
555 South Flower Street, 37th Floor
Los Angeles, California 90071
Tel: (213) 680-8400
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*Pro Hac Vice*)
Kevin M. Neylan, Jr. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORCEPT THERAPEUTICS, INC., AND OPTIME CARE INC., <br><br> Defendants. | Case No: 5:24-cv-03567-NW <br><br> **TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED** |

Pursuant to Local Rules 7-11, 79-5(c), and 79-5(f) of the U.S. District Court for the Northern District of California, Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") respectfully submits this statement in response to Corcept Therapeutics, Inc.'s Motion to Consider Whether Teva Pharmaceuticals USA, Inc's Material Should be Sealed (Dkt. No. 118) (the "Motion"). Due to a calendaring oversight arising from excusable neglect, Teva failed to file a statement in the time allotted by Local Rule 79-5(f). Teva requests that the Court accept this filing *nunc pro tunc* to July 30, 2025. *See* Fed. R. Civ. P. 6(b)(1)(B). Teva will ensure that future filings are made in a timely fashion.

Portions of the Joint Discovery Dispute Letter Brief Regarding Discovery Into Teva's Conduct (the "Letter") (Dkt. No. 118-1) and Exhibit A thereto (Dkt. No. 118-2) are at issue in the Motion. The exhibit at issue was designated "Highly Confidential – Outside Attorneys' Eyes Only" under the terms of the Protective Order. (Dkt. No. 90). The Letter quotes portions of the exhibit at issue.

"Sealing motions for documents submitted with nondispositive discovery motions are subject to the good cause standard" of Federal Rule 26(c)(1). *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 1563253, at *6 (N.D. Cal. Apr. 12, 2013); *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003) ("In short, 'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."). The "good cause" standard is "less exacting" than the standard for dispositive motions, which "makes sense, as the private interests of the litigants are 'the only weights on the scale.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). "Because non-dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' there is a 'weaker public interest' in accessing these materials." *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)). "The "good cause" standard comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c)." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

1

**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED / CASE No. 5:24-cv-03567-NW**

Exhibit A is a highly confidential contract between Teva and a specialty pharmacy, Tel-Drug, related to the distribution of Teva's branded drug, Copaxone, which is not at issue in this litigation. *See Ramirez*, 2014 WL 1995548, at *2. The agreement reveals sensitive information about how Teva structured its deal with Tel-Drug and the price it negotiated for Copaxone, both of which are competitively sensitive and, if disclosed, could provide an advantage to Teva's competitors. "[S]ources of business information that might harm a litigant's competitive standing" are properly sealable, *Ctr. for Auto Safety*, 809 F.3d at 1097, and "courts have held that 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' are compelling reasons to prevent competitors from leveraging this information to harm the designating parties in future negotiations." *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1218 (C.D. Cal. 2024) (quoting *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023)). The agreement also includes names and email addresses for multiple Teva employees, which could lead to unwanted communications if disclosed. *See Hernandez v. Cnty. of Monterey,* 2023 WL 4688522, at *3 (N.D. Cal. July 21, 2023) (granting request to seal names and email addresses of employees of defendants). Teva therefore respectfully requests that Exhibit A, and the quotations from Exhibit A in the Letter, remain under seal. In the alternative, Teva requests that the Court keep under seal the portion of the joint letter brief that quotes Exhibit A, and permit Teva to redact (1) the line beginning with "Rebate Terms" (ending in "Net Price") on page -538, (2) the paragraph under the heading "Ineligible Utilization" on page -539, (3) the paragraphs under the heading "Terms and Conditions" on pages ending -541 to -542, (4) the paragraphs under the heading "Contract Price" on the page ending -542, and (5) employee names, signatures, and email addresses, on pages ending -538, -540, -543, -544, and -546.

The agreement, which pertains to a product that is not at issue in this litigation, was attached to a nondispositive discovery dispute to determine whether the agreement was even relevant, and whether further discovery was warranted. (*See* Dkt. No. 119). It would make little sense to permit disclosure of the agreement simply because Corcept decided to attach it to a nondispositive motion to compel further discovery. *See Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

2

**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED / CASE No. 5:24-cv-03567-NW**

1213 (9th Cir. 2002) ("[I]it makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive sanctions motion filed with the court.").

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court keep under seal the parties' joint letter brief (Dkt. No. 118-1) and accompanying Exhibit A (Dkt. No. 118-2). In the alternative, Teva requests that the Court keep under seal the portion of the joint letter brief that quotes Exhibit A, and permit Teva to redact (1) the line beginning with "Rebate Terms" (ending in "Net Price") on page -538, (2) the paragraph under the heading "Ineligible Utilization" on page -539, (3) the paragraphs under the heading "Terms and Conditions" on pages ending -541 to -542, (4) the paragraphs under the heading "Contract Price" on the page ending -542, and (5) employee names, signatures, and email addresses, on pages ending -538, -540, -543, -544, and -546.

Dated: August 21, 2025

By: */s/ Michael Shipley*
Michael Shipley
KIRKLAND & ELLIS LLP
555 South Flower Street, 37th Floor
Los Angeles, California 90071
Tel: (213) 680-8400
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*)
Kevin M. Neylan, Jr. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446 5967
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2025, I caused to be filed the foregoing document with the United States District Court for the Northern District of California using the CM/ECF and caused it to be served on all registered participants via notice of electronic filing.

Dated: August 21, 2025

                                                */s/ Michael Shipley*
                                                Michael Shipley

**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED / CASE No. 5:24-cv-03567-NW**