Michael Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
Tel: (213) 680-8400
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*Pro Hac Vice*)
Kevin M. Neylan, Jr. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CORCEPT THERAPEUTICS, INC., AND OPTIME CARE INC.,<br><br>Defendants. | Case No: 5:24-cv-03567-NW<br><br>**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED** |

   Pursuant to Local Rules 7-11, 79-5(c), and 79-5(f) of the U.S. District Court for the Northern District of California, Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") respectfully submits this statement in response to Corcept Therapeutics, Inc.'s Motion to Consider Whether Teva Pharmaceuticals USA, Inc's Material Should be Sealed (Dkt. No. 135) (the "Motion").

   Portions of the Joint Discovery Dispute Letter Brief Regarding Corcept's RFPs 86-88, 91 (the "Letter") (Dkt. No. 136) are at issue in the Motion. The underlying deposition as referenced and quoted by the Letter was designated "Confidential" under the terms of the Discovery Confidentiality Order in the underlying patent litigation. *See* Discovery Confidentiality Order, *Corcept Therapeutics, Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 18-3632-SDW-CLW (D.N.J. July 29, 2019), Dkt. No. 93.

   "Sealing motions for documents submitted with nondispositive discovery motions are subject to the good cause standard" of Federal Rule 26(c)(1). *Apple Inc. v. Samsung Elecs. Co.*, 2013 WL 1563253, at *6 (N.D. Cal. Apr. 12, 2013); *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003) ("In short, 'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."). The "good cause" standard is "less exacting" than the standard for dispositive motions, which "makes sense, as the private interests of the litigants are 'the only weights on the scale.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)). "Because non-dispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' there is a 'weaker public interest' in accessing these materials." *Ramirez v. Trans Union, LLC*, 2014 WL 1995548, at *2 (N.D. Cal. May 15, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)). "The "good cause" standard comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c)." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

   The highlighted material in the Letter is from a confidential deposition of Teva's Senior Director of Portfolio Management, Craig Jones, in the underlying patent case. Jones was employed

1

**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED / CASE No. 5:24-cv-03567-NW**

by Actavis before Actavis was acquired by Teva, and he helped conduct Actavis's market analysis for a potential generic alternative to Korlym. The quoted material contains sensitive information regarding Jones's market analysis of potential distribution channels for a Korlym generic that Teva later developed. Such market analysis is competitively sensitive and, if disclosed, could provide an advantage to Teva's competitors. "[S]ources of business information that might harm a litigant's competitive standing" are properly sealable, *Ctr. for Auto Safety*, 809 F.3d at 1097, and courts have held that "'business strategies' are compelling reasons to prevent competitors from leveraging this information to harm the designating parties in future negotiations." *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1218 (C.D. Cal. 2024) (quoting *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023)). Teva therefore respectfully requests that the information from Jones' deposition referenced in the Letter remain under seal.

## CONCLUSION

For the foregoing reasons, Teva respectfully requests that the Court keep under seal the highlighted portions of the Letter (Dkt. No. 136).

Dated: September 19, 2025

2

**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED / CASE No. 5:24-cv-03567-NW**

By: /s/ Michael Shipley
Michael Shipley
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
Tel: (213) 680-8400
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*pro hac vice*)
Kevin M. Neylan, Jr. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446 5967
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

3

**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED / CASE No. 5:24-cv-03567-NW**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, I caused to be filed the foregoing document with the United States District Court for the Northern District of California using the CM/ECF and caused it to be served on all registered participants via notice of electronic filing.

Dated: September 19, 2025

                                            */s/ Michael Shipley*
                                            Michael Shipley

1

**TEVA'S STATEMENT IN RESPONSE TO CORCEPT'S MOTION TO CONSIDER WHETHER TEVA'S MATERIAL SHOULD BE SEALED / CASE No. 5:24-cv-03567-NW**