UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br> Plaintiff, <br> v. <br> CORCEPT THERAPEUTICS, INC., et al., <br> Defendants. | Case No. 24-cv-03567-NW (VKD) <br><br> **ORDER RE SEPTEMBER 9 AND 12, 2025 DISCOVERY DISPUTES REGARDING CORCEPT'S DOCUMENT REQUESTS TO TEVA** <br><br> Re: Dkt. Nos. 131, 132, 136 |

Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva") and defendant Corcept Therapeutics, Inc. ("Corcept") ask the Court to resolve several disputes regarding Corcept's document requests to Teva. Dkt. Nos. 131, 132, 136.[1] The Court held a hearing on these disputes on September 23, 2025. Dkt. Nos. 141, 145 (hearing transcript).

For the reasons discussed on the record during the hearing, and as explained further below, the Court orders as follows:

**1.    Dkt. No. 132 – Distribution Agreements**

Corcept's RFP 89 asks Teva to produce "[d]ocuments sufficient to show copies of Your distribution agreements and drug-specific addenda with respect to each of Your drugs available in

---

[1] Corcept moves to seal portions of the September 12, 2025 discovery letter brief on the ground that Teva claims the contents are confidential. Dkt. No. 135. Teva agrees regarding the specific portions of the discovery submission to be sealed. Dkt. No. 139. As Corcept's sealing motion relates to a discovery matter, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants defendant's sealing motion. Unredacted portions of the discovery letter (Dkt. No. 135-1) shall remain under seal.

the United States." Dkt. No. 132-1 at 9. This request is too broad. In addition to producing all "exclusive" distribution agreements, including those where exclusivity is achieved by means of incentives,[2] Teva must produce the following responsive distribution agreements and drug-specific addenda for the following drugs:

1. all "complex generic," orphan, and REMS drugs;
2. Teva's approximately 20 branded drugs;
3. any other drug that *Teva* contends is comparable to mifepristone for purposes of assessing causation or damages in this action.

The Court denies Corcept's request for an order requiring production of a sample of Teva's distribution agreements across all of Teva's generic drugs available in the United States.

### 2.  Dkt. Nos. 131 and 136 – Strategic Decision Documents

Corcept's RFPs 86 and 87 ask Teva to produce documents relating to Teva's "Pivot to Growth" strategy and Teva's 2023 plan to scale back its manufacturing and sale of generic drugs. *See* Dkt. No. 136-1 at ECF 3. Corcept's RFP 92 asks Teva to produce all documents provided to its Board of Directors, Board committees, and any management-level group that relate to Teva's "marketing, promotion, distribution, and/or advertisement" of its FDA-approved drugs. Dkt. No. 131-4 at ECF 3. Corcept's RFP 93 encompasses RFP 92 and asks Teva to produce all Board of Directors materials for the relevant time period. *Id.* at ECF 4.

The Court is persuaded by Corcept's arguments that documents reflecting Teva's strategic decisions about manufacturing, promotion, advertising, distribution, and sale of FDA-approved drugs in the United States around the time Teva launched mifepristone in January 2024 may be relevant to issues of causation and damages, even if those documents do not mention mifepristone by name. For purposes of resolving the parties' disputes about such strategic decision documents within the scope of RFPs 86, 87, and 92, the Court orders Teva to produce documents sufficient to show Teva's planning and implementation of (1) the "Pivot to Growth" strategy and (2) Teva's 2023 plan to scale back its manufacturing and sale of generic drugs. As discussed at the hearing,

---

[2] *See CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, No. 23-55662, 2025 WL 2573045, at *10 (9th Cir. Sept. 5, 2025).

the contemplated production is limited to presentation-type materials (including those made to the Board of Directors and management). *See* Dkt. No. 145 at 37:17-38:25.

For purposes of resolving this dispute, the Court will not require Teva to produce non-custodial documents reflecting cost-cutting and cost allocation measures Teva implemented during the time period from 2017 through 2020.

The Court denies Corcept's request for an order requiring production of all Board of Directors documents responsive to RFP 93.

### 3. Dkt. No. 136 – Actavis Agreement, CEO Statements

Corcept asks for an order requiring Teva to produce "a limit[ed] set of non-custodial documents" regarding certain statements by Teva's CEO in January 2025 (RFP 88) and Teva's agreement to acquire Actavis in 2016 (RFP 91). Dkt. No. 136 at 1.

With respect to RFP 88, the Court is not persuaded that Mr. Francis's public remarks in January 2025[3] or his reasons for making those remarks have any bearing on any issue relevant to a claim or defense. The justifications Corcept offers for demanding this discovery are contrived, attenuated, and speculative. *See id.* (arguing that CEO's statements suggest Teva suffered no antitrust injury and/or that obstacles it encountered were unrelated to Corcept's conduct).

With respect to RFP 91, if the Actavis acquisition agreement refers to mifepristone, Teva has represented that it will produce the agreement. However, during the hearing, Teva's counsel advised that the Actavis acquisition agreement does not mention mifepristone. Dkt. No. 145 at 48:22-49:4. Corcept argues that the agreement should be produced in any event, because if it does not mention mifepristone, that omission suggests the contracting parties (Teva and Actavis) assigned little value and low priority to that drug at the time of the acquisition in 2016. *See id.* at 49:20-24; Dkt. No. 136 at 1-2 & n.1. Corcept's valuation/prioritization argument is speculative, at best, and in any event, the Court is not persuaded that the terms of the acquisition in 2016 have any bearing on Teva's launch of mifepristone in January 2024 or the antitrust injury Teva claims.

Accordingly, the Court denies Corcept's request for an order requiring production of

---

[3] The statements in question are: "We're victims of our own success. We've had a great run, but now we're facing headwinds." Dkt. No. 136 at 3.

1  documents responsive to RFPs 88 and 91.

2  ***

3  For the documents the Court orders Teva to produce, as set forth above, Teva's production is due
4  by **October 16, 2025**, unless the parties agree to a different date of production.

5  **IT IS SO ORDERED.**

6  Dated: October 2, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge