Michael Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, California 90067
Tel: (213) 680-8400
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*Pro Hac Vice*)
Kevin M. Neylan, Jr. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Attorneys for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., | Case No. 5:24-cv-03567-NW |
| Plaintiff, | **PLAINTIFF TEVA PHARMACEUTICALS USA, INC.'S RESPONSE TO COURT ORDER RE: MOTION FOR LEAVE TO SERVE SUPPLEMENTAL PLEADING UNDER FED. R. CIV. P. 15(d)** |
| v. | |
| CORCEPT THERAPEUTICS, INC., AND OPTIME CARE INC., | |
| Defendants. | |

Teva submits this filing in response to the Court's January 23, 2026 order (Dkt. 161), regarding Teva's motion to supplement (Dkt. 155).  Teva respectfully submits that leave should be granted to add Curant as a defendant, and to add an exclusive-dealing claim against Corcept and Curant, because Teva did not delay in bringing its motion and such relief would not prejudice defendants given the parties' unanimous agreement that the schedule must be extended no matter what.  In the alternative, Teva seeks leave to add a new claim against Corcept, without adding Curant as a defendant.

Teva filed its motion as soon as it could following a recent, material change in the Korlym market and public revelations that bolster Teva's existing claims.  It is not true that "[t]he focus of Teva's proposed claim—an agreement between Corcept and Curant—has been public since at least as early as October 1, 2025," such that "Teva waited more than three months to seek to add Curant." (Dkt. 160, at 1.)  The basis of Teva's claim is that the Corcept-Curant agreement has an exclusivity provision that forbids Curant from dispending products that compete with Korlym, including Teva's generic.  That fact is not public, and the October 1 press release Corcept cites says nothing about exclusivity.  It does not even mention Korlym.  (https://curanthealth.com/curant-rare-announces-pharmacy-partnership-with-corcept-therapeutics/.)  Teva did not receive a copy of the Corcept-Curant agreement until November 17.  And Teva needed time to reach out to Curant to see whether Curant would entertain a proposal from Teva, because Curant's response would help confirm whether its agreement is incentive-based or easily terminable, facts that bear on its potential foreclosure effects. (*See* Dkt. 134 at 19-20.)  Teva then filed its motion; at no point did Teva delay.

Nor would Teva's motion cause prejudice.  Fact discovery is set to close on February 27, but all parties agree that the schedule (including the trial date) must be extended regardless of the outcome of Teva's motion, because the parties are attempting to work through numerous discovery disputes that are gating issues to depositions, none of which have been scheduled.  Corcept's brief acknowledges as much.  (Dkt. 160, at 1.)  In fact, Corcept was the one who first asked to extend the schedule, on January 14, after previously raising concerns that the fact discovery cutoff was not tenable.  On January 16, Corcept and Optime both repeated the view that the case schedule would need to be extended regardless of the outcome of Teva's motion, and that the parties should work to resolve their disputes through compromise rather than motion practice.  Teva agreed to that approach, which

is why Teva has not yet filed the joint dispute letters that the parties had been circulating previously. For example, despite a November 21 deadline for substantial completion of document production, Corcept produced over 20% of its documents since January 7 (and Teva believes those productions contain material deficiencies), while Optime has yet to produce hardly any documents from the entirety of 2025 (a deficiency Optime has told Teva it will likely be willing to rectify). For its part, Corcept has asked Teva to conduct additional custodial discovery, including adding new custodians, which Teva has largely agreed to do. The parties are also debating the appropriate cap on depositions. These disputes are gating issues to depositions; Corcept has not provided the availability of a single witness, and Optime has said it will not do so until at least some of these disagreements are resolved. In view of these circumstances and in a spirit of cooperation, the parties are continuing to discuss a schedule extension. On January 22, Teva proposed a 90-day extension to allow the parties to work out their disputes, which defendants previously agreed would be appropriate, as Corcept's brief acknowledges. (Dkt. 160, at 3.) On January 23, Teva proposed a reciprocal compromise that would resolve many of the outstanding issues. Teva awaits defendants' response, but the upshot is that the existing schedule is likely to be modified no matter the outcome of Teva's motion.

Corcept says it would not oppose Teva's motion if Teva agreed to a longer (9-12 month) extension, belying the notion of prejudice. (Dkt. 160, at 1.) Teva believes the 90-day extension the parties are already discussing should suffice; to the extent defendants in good faith believe more time is needed, it should not be substantial. It is unlikely that Curant will need extensive discovery from Teva given the discovery Corcept and Optime have already obtained, while the nascent nature of the Corcept-Curant relationship means there should be relatively limited discovery for them to collect and produce. These facts indicate that any additional delay from Teva's motion would be minimal at most.

Teva therefore respectfully submits that its motion should be granted. But if the Court declines to do so because of concerns about incremental delay from adding Curant as a defendant, Teva seeks leave to amend its motion by removing the addition of Curant as a defendant while retaining the new claim solely against Corcept. Although Teva believes it would be most efficient for Curant to be a party, allowing Teva to add its new claim would be far superior to requiring Teva to file an entirely new lawsuit with so many overlapping legal and factual issues and relevant witnesses.

1    Dated: January 26, 2026         Respectfully submitted,

2

3                                    By: */s/ Michael Shipley*

4                                    Michael Shipley
                                     KIRKLAND & ELLIS LLP
5                                    2049 Century Park East
                                     Los Angeles, California 90067
6                                    Tel: (213) 680-8400
                                     michael.shipley@kirkland.com
7

8                                    Devora W. Allon, P.C.
                                     Kevin M. Neylan, Jr.
9                                    KIRKLAND & ELLIS LLP
                                     601 Lexington Avenue
10                                   New York, NY 10022
                                     (212) 446 5967
11                                   devora.allon@kirkland.com
                                     kevin.neylan@kirkland.com
12

13                                   *Attorneys for Plaintiff*
                                     *Teva Pharmaceuticals USA, Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
3

PLAINTIFF TEVA PHARMACEUTICALS USA, INC.'S RESPONSE TO COURT ORDER RE: MOTION
FOR LEAVE TO SUPPLEMENT PLEADINGS / CASE NO. 5:24-cv-03567

## **FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Michael Shipley, attest that concurrence in the filing of this document has been obtained.


*/s/ Michael Shipley*
Michael Shipley

PLAINTIFF TEVA PHARMACEUTICALS USA, INC.'S RESPONSE TO COURT ORDER RE: MOTION
FOR LEAVE TO SUPPLEMENT PLEADINGS / CASE NO. 5:24-cv-03567

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, I caused to be filed the foregoing document with the United States District Court for the Northern District of California using the CM/ECF system and caused it to be served on all registered participants via notice of electronic filing.

*/s/ Michael Shipley*
Michael Shipley

PLAINTIFF TEVA PHARMACEUTICALS USA, INC.'S RESPONSE TO COURT ORDER RE: MOTION
FOR LEAVE TO SUPPLEMENT PLEADINGS / CASE NO. 5:24-cv-03567