UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORCEPT THERAPEUTICS, INC., et al., <br><br> Defendants. | Case No. 24-cv-03567-NW <br><br> **ORDERING GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE; DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT; SETTING BRIEFING SCHEDULE** <br><br> Re: ECF No. 155 |

The Court is in receipt of Teva's January 26, 2026 response to the Court's order on January 23, 2026, ECF Nos. 161, 162. The Court now rules as follows:

1. Plaintiff's motion for leave to amend and supplement its complaint is GRANTED IN PART AND DENIED IN PART. As the Court indicated in its prior order, this case is too far advanced, and the Court finds the prejudice would be too severe to add another Defendant at this stage of the litigation. However, given its factual and legal resemblance to the claims currently before the Court, Teva may file a third amended and supplemental complaint ("TASC") solely to add an additional claim for exclusive dealing against Corcept *alone* related to Corcept's new relationship with Curant.

2. Plaintiff shall file its TASC by no later than January 29, 2026 at 5:00 pm. The TASC shall be identical to the one at ECF No. 155-1 in all respects except the new complaint will remove any reference to Curant as a Defendant. Upon Teva's filing of the TASC, that complaint will become the operative complaint going forward. Teva shall also file (as an attachment to the TASC filing) an updated redline between the second amended complaint ("SAC") and the TASC.

3. Defendants' motion to dismiss the SAC remains pending before the Court. Because the forthcoming TASC does not amend the substance of the claims challenged in that

motion, the Court will apply the arguments within the briefing to their equivalent claims in the forthcoming TASC.

4.  Corcept and Optime may file supplemental brief(s) in support of their pending motion to dismiss, ECF No. 151, to address the new claim in the forthcoming TASC. Defendants may only move on one or both of the following two grounds: (1) Teva's new claim creates an internal inconsistency in the complaint, rendering dismissal of one or both of the exclusive dealing claims appropriate, and (2) the new claim (and only the new claim) is deficient for one or more of the reasons set forth in Federal Rule of Civil Procedure 12. Defendants may not renew any other arguments otherwise resolved by the Court's September 12, 2025 Order on Defendants' initial motion to dismiss Teva's complaint. *See* ECF No. 134.

5.  Supplemental briefing shall adhere to the following schedule and parameters:

- Opening Supplemental Brief // Due February 5, 2026, at 5:00 pm // No more than seven pages
- Response // Due February 11, 2026 at 5:00 pm // No more than seven pages
- Reply // Due February 13, 2026 at 5:00 pm // No more than four pages

6.  The hearing set for February 11, 2026, at 9:00 am is RESET to February 18, 2026, at 9:00 am. In addition to the motion to dismiss and the supplemental briefing, the parties should be prepared to discuss the case schedule recognizing that if the Court extends the current schedule, the extension will be modest.

**IT IS SO ORDERED.**

Dated: January 27, 2026

Noël Wise
United States District Judge