Michael Shipley (SBN 233674)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, California 90067
Tel: (213) 680-8222
michael.shipley@kirkland.com

Devora W. Allon, P.C. (*Pro Hac Vice*)
Kevin M. Neylan, Jr. (*Pro Hac Vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
devora.allon@kirkland.com
kevin.neylan@kirkland.com

*Counsel for Plaintiff*
*Teva Pharmaceuticals USA, Inc.*

Additional Counsel for Plaintiff
listed on signature page

Robert W. Stone (SBN 163513)
Michael D. Powell (SBN 202850)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
robertstone@quinnemanuel.com
mikepowell@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Fax: (650) 801-5100

*Counsel for Defendant Corcept Therapeutics, Incorporated*

Lucas C. Wohlford (*Pro Hac Vice*)
Duane Morris LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201
lwohlford@duanemorris.com

*Counsel for Defendant Optime Care Inc.*

Additional Counsel for Defendants listed on signature page

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| Teva Pharmaceuticals USA, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Corcept Therapeutics, Inc., and Optime Care Inc., <br><br> Defendants. | Case No. 5:24-cv-03567-NW <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DATES IN CASE SCHEDULE** <br><br> Ctrm: 3 – 5th Floor <br> Judge: Honorable Noël Wise |

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, N.D. Cal. Civil Local Rules 6-2 and 16-2(d), Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva"), Defendant Corcept Therapeutics, Incorporated ("Corcept"), and Defendant Optime Care Inc. ("Optime") (together "Parties") hereby stipulate to extend the case schedule as follows:

WHEREAS, this case was previously assigned to the Honorable Beth L. Freeman;

WHEREAS, the Parties appeared for an initial case management conference before Judge Freeman on October 31, 2024;

WHEREAS, Judge Freeman on November 4, 2024 issued an initial case management order that set a trial date of January 11, 2027 and directed the Parties to meet-and-confer regarding other dates, such as "discovery cut-offs and expert disclosure deadlines" (Dkt. 63);

WHEREAS, the Parties—pursuant to Judge Freeman's order—then submitted a proposed schedule on November 15, 2024, which reflected the Parties' largely-aligned proposal in view of the information then available to the Parties;

WHEREAS, this case was subsequently reassigned to this Court on February 24, 2025 (Dkt. 81);

WHEREAS, on June 30, 2025, the Court then entered a case management order adopting the dates that the Parties previously proposed, including: (a) a November 21, 2025 fact discovery cut-off; (b) opening and rebuttal expert reports on January 9 and February 20, 2026; (c) an expert discovery cut-off on March 27, 2026; (d) dispositive and *Daubert* motion briefing between May 15 and July 17, 2026, with a hearing to occur on August 12, 2026; and (e) pretrial statement, pretrial conference, and trial dates between November 25, 2026 and January 11, 2027 (Dkt. 116);

WHEREAS, on September 5, 2025, the Court added new deadlines and granted an extension of the existing case schedule based on the Parties' proposed joint stipulation, including (a) a newly added November 7, 2025 deadline for disclosure of opinion of counsel defenses; (b) a newly added November 21, 2025 deadline for substantial completion of document production; (c) a February 27, 2026 fact discovery cut-off; (d) opening and rebuttal expert reports on April 3 and May 8, 2026, with newly added reply expert reports on May 29, 2026; and (e) an expert discovery cut-off on June 26, 2026; (f) dispositive and *Daubert* motion briefing between June 24 and September 18, 2026, with a

1
JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DATES IN CASE SCHEDULE

hearing to occur on October 14, 2026. At the same time, the Court kept its existing deadlines for the pretrial statement and pretrial conference, and the trial date (Dkt. 128);

WHEREAS, on January 27, 2026, the Court granted in part and denied in part Teva's motion for leave to file third amended complaint, permitting Teva to "add an additional claim for exclusive dealing against Corcept *alone* related to Corcept's new relationship with Curant" and noted that any further extension of the case schedule "will be modest" (Dkt. 163);

WHEREAS, on January 29, 2026, Teva filed is third amended complaint (Dkt. 166);

WHEREAS, since the Court's previous extension of the case schedule and the filing of Teva's third amended complaint, the Parties have been actively involved in discovery and case management activities, including propounding and responding to additional written discovery; negotiating additional document custodians and non-custodial sources for collection of responsive electronically stored information ("ESI"); continuing to collect extensive ESI and preparing that ESI for review with the assistance of litigation support vendors and staff; negotiating the search strings that will be applied across those additional custodians' ESI to reasonably search for material in response to each Party's discovery requests; reviewing and producing documents; raising and addressing issues regarding each Parties' document productions; noticing depositions, including negotiating the scope of relevant 30(b)(6) depositions; and negotiating deposition limits;

WHEREAS, the Parties respectfully request and require additional time to negotiate the scope of discovery, review and produce documents, conduct depositions, and complete expert reports;

WHEREAS, each Party agrees and submits that there is good cause to approve this stipulation as the Parties need further time for essential discovery activities—including making, reviewing, and receiving upcoming document productions, scheduling and completing depositions on dates agreeable to all Parties, and providing their experts sufficient time to analyze the discovery record and prepare expert reports—all without disadvantaging any Party or causing unreasonable delays in the litigation;

WHEREAS, in view of the Parties' agreement that more time for fact and expert discovery is warranted, the Parties further submit that an extension of the current deadline for private mediation (February 20, 2025) is also appropriate and more likely to result in more productive discussions;

WHEREAS, similarly, the proposed extensions will require a modest extension of deadlines for pretrial statements and the pretrial conference, and the trial date, in order for the parties to have an appropriate amount of time to complete fact and expert discovery, and brief and conduct hearings for relevant dispositive and *Daubert* motions;

WHEREAS, this is the second extension of the below deadlines which the Parties have sought since the commencement of this action, except for the trial date, which has not previously been extended;

WHEREAS, the Parties have met and conferred and have agreed to extend the case schedule as follows, with the exception of one deadline for which the parties' contrasting positions have been noted below:

| **Case Event** | **Current Date (Dkt. 128)** | **Proposed Date** |
|---|---|---|
| Deadline to Complete Any Outstanding Document Production | N/A | **Teva:** March 6, 2026, absent good cause for an extension<br><br>**Corcept and Optime**: This deadline is not required |
| Deadline to Complete ADR: Private Mediation | February 20, 2026 | April 30, 2026 |
| Close of Fact Discovery | February 27, 2026 | May 15, 2026 |
| Opening Expert Reports<br><br>[For issues which the Party bears the burden of proof] | April 3, 2026 | June 19, 2026 |
| Rebuttal Expert Reports | May 8, 2026 | July 24, 2026 |
| Reply Expert Reports | May 29, 2026 | August 14, 2026 |
| Close of Expert Discovery | June 26, 2026 | September 11, 2026 |
| Deadline to File Dispositive/*Daubert* Motions | July 24, 2026 | October 9, 2026 |
| Oppositions for Dispositive/*Daubert* Motions | August 21, 2026 | November 6, 2026 |

| Case Event | Current Date (Dkt. 128) | Proposed Date |
|---|---|---|
| Replies re Dispositive/*Daubert* Motions | September 18, 2026 | November 25, 2026 |
| Hearing on Dispositive and *Daubert* Motions | October 14, 2026 | December 16, 2026 |
| Deadline to File Joint Pretrial Statement | November 25, 2026 | January 27, 2027 |
| Final Pretrial Conference | December 9, 2026 at 2:00 p.m. | February 10, 2027 |
| Trial | January 11, 2027 at 9:00 a.m. | March 1, 2027 |

**Teva's Position on Deadline to Complete Any Outstanding Document Production:** This deadline is necessary to ensure production of all outstanding documents by a date certain, allowing for adequate time to review those documents—and raise concerns about potential deficiencies—prior to depositions. Absent such a deadline, Teva may be prejudiced by Corcept and Optime producing a large tranche of document very close to, or even after, scheduled depositions. Teva's concern is not abstract; Corcept produced nearly 150,000 pages of documents in January 2026, including thousands of documents from key custodians, notwithstanding a November deadline for substantial completion of document production, and Optime had not (and still has not) produced hardly any documents at all from the entirety of 2025. Since then, Corcept and Optime have agreed to make various supplemental productions in response to requests by Teva, but neither Defendant has made any productions yet or committed to doing so by any deadline. Teva wishes to avoid prejudice to itself from additional, voluminous document productions late in the fact discovery period. To address Defendants' concerns about a production deadline prejudicing the producing party, Teva will agree to an exception to the deadline for good cause, such as if a party makes a new discovery request shortly before or after the deadline, or if a party is ordered by a motion to compel to produce discovery shortly before or after the deadline, and the producing party is unable with reasonable efforts to produce the documents at issue by the deadline. Otherwise, a deadline for outstanding document productions will help ensure that the case proceeds smoothly through the end of fact discovery and all Parties' rights are protected.

**Defendants' Position on Deadline to Complete Any Outstanding Document Production:** Teva's proposed March 6, 2026 deadline to complete document production is unnecessary. Defendants disagree with Teva's mischaracterizations regarding what was produced and when, and Teva cannot dispute that it has made similar "clean up" productions following the substantial completion deadline. Defendants substantially completed their document productions in November 2025 as required. The document discovery that remains on both sides largely addresses new and follow-up issues arising after that deadline. The prudent course is for both sides to work diligently to complete discovery promptly. Despite Teva repeatedly raising new requests, Defendants are working expeditiously to resolve those requests and anticipate doing so before depositions; Defendants expect Teva to do the same. If any party makes a production that affects depositions, then the Northern District's Civil Local Rules and other procedures exist for addressing that. Adding an arbitrary production deadline, not required by the Civil Local Rules, which Teva's own proposal admits would be interim and subject to a litany of exceptions, only seeks to unreasonably burden the parties, and potentially, the Court. Teva's request should therefore be denied.

NOW THEREFORE, the Parties hereby stipulate that the current case schedule be extended as set forth in the table above.

| | | |
|---|---|---|
| 1 | Dated: February 16, 2026 | Respectfully submitted, |
| 2 | | |
| 3 | | By: /s/ Michael Shipley |
| 4 | | Michael Shipley |
| | | KIRKLAND & ELLIS LLP |
| 5 | | 2049 Century Park East, Suite 3700 |
| | | Los Angeles, California 90067 |
| 6 | | Tel: (213) 680-8222 |
| 7 | | michael.shipley@kirkland.com |
| 8 | | Devora W. Allon, P.C. (*Pro Hac Vice*) |
| | | Kevin M. Neylan, Jr. (*Pro Hac Vice*) |
| 9 | | KIRKLAND & ELLIS LLP |
| | | 601 Lexington Avenue |
| 10 | | New York, NY 10022 |
| 11 | | Tel: (212) 446-5967 |
| | | devora.allon@kirkland.com |
| 12 | | kevin.neylan@kirkland.com |
| 13 | | Jennifer M. Joslin (*Pro Hac Vice*) |
| | | KIRKLAND & ELLIS LLP |
| 14 | | 95 State Street |
| | | Salt Lake City, UT 84111 |
| 15 | | Tel: (801) 877-8144 |
| 16 | | jennifer.joslin@kirkland.com |
| 17 | | *Attorneys for Plaintiff* |
| | | *Teva Pharmaceuticals USA, Inc.* |
| 18 | | |

6
JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DATES IN CASE SCHEDULE

| | |
|---|---|
| 1 | By: */s/ Robert W. Stone* |
| 2 | Robert W. Stone (SBN 163513) |
| 3 | Michael D. Powell (SBN 202850)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 4 | robertstone@quinnemanuel.com<br>mikepowell@quinnemanuel.com |
| 5 | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, California 94065 |
| 6 | Telephone: (650) 801-5000 |
| 7 | Fax: (650) 801-5100 |
| 8 | Adam B. Wolfson (SBN 262125) |
| 9 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>adamwolfson@quinnemanuel.com |
| 10 | 50 California Street, 22nd Floor<br>San Francisco, California 94111 |
| 11 | Telephone: (415) 875-6600<br>Fax: (415) 875-6700 |
| 12 | |
| 13 | Steig D. Olson (*Pro Hac Vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 14 | steigolson@quinnemanuel.com<br>295 5th Avenue |
| 15 | New York, New York 10016<br>Telephone:  (212) 849-7000 |
| 16 | Fax:         (212) 849-7100 |
| 17 | Brantley I. Pepperman (SBN 322057) |
| 18 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>brantleypepperman@quinnemanuel.com |
| 19 | 865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 |
| 20 | Telephone: (213) 443-3000<br>Fax: (213) 443-3100 |
| 21 | |
| 22 | *Counsel for Defendant Corcept Therapeutics, Incorporated* |

7
JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DATES IN CASE SCHEDULE

By: */s/ Lucas C. Wohlford*

Lucas C. Wohlford (*Pro Hac Vice*)
Randy D. Gordon
DUANE MORRIS LLP
100 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 257-7200
Fax: (214) 257-7201
lwohlford@duanemorris.com
rgordon@duanemorris.com

Justin J. Fields (SBN 259491)
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, California 94105-1127
Telephone: (415) 957-3000
Fax: (415) 957-3001
jfields@duanemorris.com

*Counsel for Defendant Optime Care Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

Dated: _____

_____
The Hon. Noël Wise
United States District Judge

06801-00010/17819803.1    1
JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND DATES IN CASE SCHEDULE

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Michael Shipley, attest that concurrence in the filing of this document has been obtained.

                                                */s/ Michael Shipley*
                                                Michael Shipley

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2026, I caused to be filed the foregoing document with the United States District Court for the Northern District of California using the CM/ECF system and caused it to be served on all registered participants via notice of electronic filing.

*/s/ Michael Shipley*
Michael Shipley