Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
E-Mail:    jfields@duanemorris.com

Lucas C. Wohlford (admitted *Pro Hac Vice*)
Randy D. Gordon (admitted *Pro Hac Vice*)
Dylan J. Anderson (admitted *Pro Hac Vice*)
**DUANE MORRIS LLP**
200 Crescent Court, Suite 900
Dallas, TX 75201
Telephone: +1 214 257 7200
Facsimile: +1 214 257 7201
E-Mail: lwohlford@duanemorris.com
          RDGordon@duanemorris.com
          DJAnderson@duanemorris.com

Attorneys for Defendant
OPTIME CARE, INC.

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., | Case No. 5:24-CV-03567-NW |
| Plaintiff, | **DEFENDANT OPTIME CARE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED AND SUPPLEMENTAL COMPLAINT** |
| v. | |
| CORCEPT THERAPUTICS, INC., AND OPTIME CARE INC., | |
| Defendants. | Hon. Noël Wise |
| | Am. Compl. Filed: January 29, 2026 |

Defendant Optime Care Inc. ("Optime" or "Defendant") by and through its undersigned counsel, hereby answers and responds to the Third Amended and Supplemental Complaint (the "TAC") of Plaintiff Teva Pharmaceuticals USA, Inc., ("Teva" or "Plaintiff") filed in the above-captioned lawsuit.  Optime hereby denies each and every allegation contained in the TAC except

1                                                    CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

as expressly admitted herein. Optime responds to the allegations contained in the TAC on knowledge, information, and belief, with the paragraph numbers in the Answer corresponding to those in the TAC as follows:

## I.    INTRODUCTION

1.    Optime admits that Teva brought this action against Optime and Defendant Corcept Therapeutics, Inc. ("Corcept"), that Optime is a specialty pharmacy, and that Korlym (mifepristone) is used for treating endogenous Cushing's syndrome. The remaining allegations in Paragraph 1 are denied.

2.    Optime admits that Corcept received FDA approval for Korlym in 2012 as a treatment for certain patients with Cushing's syndrome and that individuals with Cushing's syndrome may experience the symptoms set forth in Paragraph 2. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the number of patients affected by Cushing's or whether Korlym is Corcept's only branded drug, and therefore denies these allegations pursuant to Rule 8(b)(5).

3.    Optime admits that Korlym is recommended to be taken once a day. The remaining allegations in Paragraph 3 are denied.

4.    Optime admits that Teva filed its ANDA for a generic version of Korlym in 2017. Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the first sentence of Paragraph 4, and therefore denies these allegations pursuant to Rule 8(b)(5). The remaining allegations in Paragraph 4 are denied.

5.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second, fourth, and fifth sentences of Paragraph 5, and therefore denies these allegations pursuant to Rule 8(b)(5). The remaining allegations in Paragraph 5 are denied.

6.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies these allegations pursuant to Rule 8(b)(5).

7.    Optime admits that it had an agreement with Corcept and that this agreement was referenced in Corcept's public filings. The allegations in the first sentence of Paragraph 7 attempt

to characterize or summarize document terms, and to the extent these characterizations or summaries deviate from the terms of the respective documents, Optime denies the same. Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7, and therefore denies these allegations pursuant to Rule 8(b)(5).

8.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and therefore denies these allegations pursuant to Rule 8(b)(5).

9.     Optime denies the allegations in the first sentence of Paragraph 9. Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9, and therefore denies these allegations pursuant to Rule 8(b)(5).

10.     Optime denies the allegations in Paragraph 10.

11.     The allegation in the first sentence of Paragraph 11 is a legal conclusion to which no response is required. To the extent a response is required, the first sentence of Paragraph 11 is denied. The remaining allegations in Paragraph 11 are denied.

## II.     PARTIES

### A.     Plaintiff

12.     Optime admits that Teva is a pharmaceutical manufacturer.    Optime lacks knowledge or information sufficient to form a belief about the truth of the of the remaining allegations in Paragraph 12, and therefore denies these allegations pursuant to Rule 8(b)(5).

### B.     Defendants

13.     Optime admits that Corcept is a pharmaceutical manufacturer.    Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and therefore denies these allegations pursuant to Rule 8(b)(5).

14.     Admitted.

## III.     JURISDICTION AND VENUE

15.     Optime admits that the Court has subject matter jurisdiction over the claims alleged in this case that arise under federal law.

16.    The allegations in Paragraph 16 are legal conclusions and therefore require no response, but if a response is deemed required, Optime denies the allegations in Paragraph 16.

17.    The first three sentences in paragraph number 17 are legal conclusions and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it "markets" or "sells" Korlym. The balance of the allegations in Paragraph 17 are admitted.

18.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies these allegations pursuant to Rule 8(b)(5).

19.    The allegations in Paragraph 19 are legal conclusions and therefore require no response, but if a response is deemed required, Optime denies the allegations in Paragraph 19.

20.    Optime denies that it violated the law in any way and denies that Teva was injured by any alleged violation of law. The remaining allegations in Paragraph 20 are legal conclusions and therefore require no response, but if a response is deemed required, Optime denies the same.

## IV.    REGULATORY BACKGROUND

21.    The allegations in Paragraph 21 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same.

22.    The allegations in Paragraph 22 are legal conclusions and/or characterizations of federal law and congressional intent and therefore require no response, but if a response is deemed required, Optime denies the same.

23.    The allegations in Paragraph 23 are legal conclusions and/or characterizations regarding congressional intent and the operation of pharmaceutical markets and therefore require no response, but if a response is deemed required, Optime denies the same.

24.    Optime admits that it entered into an agreement with Corcept but denies the agreement is "an anticompetitive exclusive-dealing arrangement to choke off the only effective distribution channel" as alleged in Paragraph 24. Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24, and therefore denies these allegations pursuant to Rule 8(b)(5).

**A.     The Regulatory Process for Approval of New Drugs**

25.     The allegations in Paragraph 25 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

26.     The allegations in Paragraph 26 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

27.     The allegations in Paragraph 27 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

28.     The allegations in Paragraph 28 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

29.     The allegations in Paragraph 29 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

30.     The allegations in Paragraph 30 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

31.     The allegations in Paragraph 31 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

### B.    The Generic Drug Approval Process and Market Entry

32.    The allegations in Paragraph 32 are legal conclusions and/or characterizations of federal law and pharmaceutical markets and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

### 1.    The FDA's Generic Drug Approval Process

33.    The allegations in Paragraph 33 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

34.    The allegations in Paragraph 34 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

35.    The allegations in Paragraph 35 are legal conclusions and/or characterizations of federal law and pharmaceutical markets and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

36.    The allegations in Paragraph 36 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

37.    The allegations in Paragraph 37 are legal conclusions and/or characterizations of federal law and pharmaceutical markets and therefore require no response, but if a response is

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

## 2.      The Orange Book and the Generic Drug Approval Process

38.      The allegations in Paragraph 38 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

39.      The allegations in Paragraph 39 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

40.      The allegations in Paragraph 40 are legal conclusions and/or characterizations of certifications under federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

41.      The allegations in Paragraph 41 are legal conclusions and/or characterizations of certifications under federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

42.      The allegations in Paragraph 42 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

43.      The allegations in Paragraph 43 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

44. The allegations in Paragraph 44 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

45. The allegations in Paragraph 45 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

46. The allegations in Paragraph 46 are legal conclusions and/or characterizations of federal law and purported common practices under the law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

### 3. Incentives for Generic Manufacturers to Enter the Market

47. The allegations in Paragraph 47 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

48. The allegations in Paragraph 48 are legal conclusions and/or characterizations of federal law, pharmaceutical markets, and a single study, and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

49. The allegations in Paragraph 49 are legal conclusions and/or characterizations of congressional intent, pharmaceutical markets, and a single study, and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

50. The allegations in Paragraph 50 are legal conclusions and/or characterizations of state substitution laws and therefore require no response, but if a response is deemed required,

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

51. The allegations in Paragraph 51 are legal conclusions and/or characterizations of state substitution laws and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

52. The allegations in Paragraph 52 are legal conclusions and/or characterizations of state substitution laws and therefore require no response, but if a response is deemed required, Optime denies the same.

53. The allegations in Paragraph 53 are legal conclusions and/or characterizations of state substitution laws, pharmaceutical practices, and market participant preferences and therefore require no response, but if a response is deemed required, Optime denies the same.

54. The allegations in Paragraph 54 are legal conclusions and/or characterizations of state substitution laws and pharmaceutical markets and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

55. The allegations in Paragraph 55 are legal conclusions and/or characterizations of state substitution laws, pharmaceutical markets, and an FDA study and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

56. The allegations in Paragraph 56 are legal conclusions and/or generalizations about competitive markets and therefore require no response, but if a response is deemed required, Optime denies the same.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

## V.   FACTUAL ALLEGATIONS

57.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and therefore denies these allegations pursuant to Rule 8(b)(5).

**A.   The FDA Approves Korlym to Treat a Subset of Endogenous Cushing's Syndrome, a Rare Disorder, Under the Orphan Drug Act.**

58.   Optime admits the first sentence of Paragraph 58. Optime admits that the FDA approved Korlym in 2012, admits the quotation provided in Paragraph 58 is an accurate recitation of the document cited, and denies any characterization or inference inconsistent therewith.

59.   The allegations in paragraph 59 contain generalizations and characterizations regarding Cushing's syndrome and Korlym and therefore require no response. In the event a response is required, Optime admits these characterizations are generally accurate, but denies the characterizations to the extent they are incomplete and/or inconsistent with a more accurate analysis that may be provided by a medical professional or similarly qualified subject matter expert.

60.   Optime admits Endogenous Cushing's syndrome is a rare disease. Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60, and therefore denies these allegations pursuant to Rule 8(b)(5).

61.   The allegations in Paragraph 61 contain generalizations and characterizations regarding Cushing's syndrome and therefore require no response. In the event a response is deemed required, Optime admits these characterizations are generally accurate, but denies the characterizations to the extent they are incomplete and/or inconsistent with a more accurate analysis that may be provided by a medical professional or similarly qualified subject matter expert.

62.   The allegations in Paragraph 62 contain generalizations and characterizations regarding Cushing's syndrome and therefore require no response. In the event a response is deemed required, Optime admits these characterizations are generally accurate, but denies the characterizations to the extent they are incomplete and/or inconsistent with a more accurate analysis that may be provided by a medical professional or similarly qualified subject matter expert.

63.    Optime admits the first sentence of Paragraph 63. Optime lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations in Paragraph 63, and therefore denies these allegations pursuant to Rule 8(b)(5).

64.    The first two sentences of Paragraph 64 are generalizations and characterizations regarding Cushing's syndrome and endocrinologists and therefore require no response. In the event a response is deemed required, Optime admits these characterizations are generally accurate, but denies the characterizations to the extent they are incomplete and/or inconsistent with a more accurate analysis that may be provided by a medical professional or similarly qualified subject matter expert. Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64, and therefore denies the allegations pursuant to Rule 8(b)(5).

65.    Admitted.

66.    The allegations in Paragraph 66 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

67.    The allegations in Paragraph 67 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

68.    Optime admits that the FDA granted Korlym orphan drug status on July 5, 2007 and that the FDA approved Corcept's NDA for Korlym on February 17, 2012. Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68, and therefore denies these allegations pursuant to Rule 8(b)(5).

69.    Optime admits Corcept launched Korlym in 2012. Optime lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations in Paragraph 69, and therefore denies these allegations pursuant to Rule 8(b)(5).

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

**B.    Korlym is Corcept's Only Product and Is Enormously Expensive and Enormously Profitable.[1]**

70.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and therefore denies these allegations pursuant to Rule 8(b)(5).

71.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71, and therefore denies these allegations pursuant to Rule 8(b)(5).

72.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph number 72, and therefore denies these allegations pursuant to Rule 8(b)(5).

**C.    Teva Files an ANDA Seeking FDA Approval to Market a Generic Version of Korlym—But Is Blocked by Patents Corcept Improperly Listed in the Orange Book and Corcept's Sham Patent Infringement Litigation.[2]**

73.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73, and therefore denies these allegations pursuant to Rule 8(b)(5).

74.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and therefore denies these allegations pursuant to Rule 8(b)(5).

75.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75, and therefore denies these allegations pursuant to Rule 8(b)(5).

76.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76, and therefore denies these allegations pursuant to Rule 8(b)(5).

77.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and therefore denies these allegations pursuant to Rule 8(b)(5).

---

[1] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein.  To the extent a substantive response is required to any factual allegations in this heading, they are denied.

[2] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein.  To the extent a substantive response is required to any factual allegations in this heading, they are denied.

CASE NO. 5:24-CV-03567-NW

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

78.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and therefore denies these allegations pursuant to Rule 8(b)(5).[3]

79.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and therefore denies these allegations pursuant to Rule 8(b)(5).

80.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, and therefore denies these allegations pursuant to Rule 8(b)(5).

81.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81, and therefore denies these allegations pursuant to Rule 8(b)(5).

**1.      Corcept Listed the '348 and '495 Patents in the Orange Book Even Though it Knew Those Patents Did Not Cover Korlym, and Thus Were Ineligible to Be Listed.[4]**

82.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, and therefore denies these allegations pursuant to Rule 8(b)(5).

83.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, and therefore denies these allegations pursuant to Rule 8(b)(5).

84.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and therefore denies these allegations pursuant to Rule 8(b)(5).

85.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and therefore denies these allegations pursuant to Rule 8(b)(5).

86.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and therefore denies these allegations pursuant to Rule 8(b)(5).

---

[3] In the event footnote 51 is construed as a substantive allegation, Optime responds as follows: Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in footnote 51, and therefore denies these allegations pursuant to Rule 8(b)(5).

[4] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein.  To the extent a substantive response is required to any factual allegations in this heading, they are denied.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

87.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87, and therefore denies these allegations pursuant to Rule 8(b)(5).

88.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and therefore denies these allegations pursuant to Rule 8(b)(5).

89.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, and therefore denies these allegations pursuant to Rule 8(b)(5).

90.    The allegations in Paragraph 90 are legal conclusions and/or characterizations of federal law and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

91.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, and therefore denies these allegations pursuant to Rule 8(b)(5).

92.    The allegations in Paragraph 92 are legal conclusions about federal regulations and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.

93.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and therefore denies these allegations pursuant to Rule 8(b)(5).

94.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94, and therefore denies these allegations pursuant to Rule 8(b)(5).

95.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95, and therefore denies these allegations pursuant to Rule 8(b)(5).

96.    The allegation in the first sentence of Paragraph 96 is a legal conclusion and therefore requires no response, but if a response is deemed required, Optime denies the same to the extent it is incomplete and/or inconsistent with the source from which it originates.  Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 96, and therefore denies these allegations pursuant to Rule 8(b)(5).

CASE NO. 5:24-CV-03567-NW

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

97.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97, and therefore denies these allegations pursuant to Rule 8(b)(5).

98.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98, and therefore denies these allegations pursuant to Rule 8(b)(5).

99.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99, and therefore denies these allegations pursuant to Rule 8(b)(5).

100.    The allegations in the first two sentences of Paragraph 100 are legal conclusions and/or characterizations of the FDA's role under federal law, and therefore require no response, but if a response is deemed required, Optime denies the same to the extent they are incomplete and/or inconsistent with the sources from which they originate.  Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 100, and therefore denies these allegations pursuant to Rule 8(b)(5).

### 2.    Corcept Brought Sham Patent Litigation to Delay Competition from Teva's Generic Korlym.[5]

101.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101, and therefore denies these allegations pursuant to Rule 8(b)(5).

102.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, and therefore denies these allegations pursuant to Rule 8(b)(5).

103.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103, and therefore denies these allegations pursuant to Rule 8(b)(5).

104.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, and therefore denies these allegations pursuant to Rule 8(b)(5).

105.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105, and therefore denies these allegations pursuant to Rule 8(b)(5).

---

[5] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein.  To the extent a substantive response is required to any factual allegations in this heading, they are denied.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

106.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106, and therefore denies these allegations pursuant to Rule 8(b)(5).

107.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107, and therefore denies these allegations pursuant to Rule 8(b)(5).

108.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108, and therefore denies these allegations pursuant to Rule 8(b)(5).

109.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109, and therefore denies these allegations pursuant to Rule 8(b)(5).

110.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore denies these allegations pursuant to Rule 8(b)(5).

111.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111, and therefore denies these allegations pursuant to Rule 8(b)(5).

112.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112, and therefore denies these allegations pursuant to Rule 8(b)(5).

113.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113, and therefore denies these allegations pursuant to Rule 8(b)(5).

114.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114, and therefore denies these allegations pursuant to Rule 8(b)(5).

### 3. Corcept Engages in Additional Bad-Faith Litigation Tactics to Further Delay Competition from Teva's Generic Korlym.[6]

115.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115, and therefore denies these allegations pursuant to Rule 8(b)(5).

116.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116, and therefore denies these allegations pursuant to Rule 8(b)(5).

---

[6] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein.  To the extent a substantive response is required to any factual allegations in this heading, they are denied.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

117.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117, and therefore denies these allegations pursuant to Rule 8(b)(5).

118.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118, and therefore denies these allegations pursuant to Rule 8(b)(5).

119.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119, and therefore denies these allegations pursuant to Rule 8(b)(5).

120.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120, and therefore denies these allegations pursuant to Rule 8(b)(5).

121.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121, and therefore denies these allegations pursuant to Rule 8(b)(5).

122.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122, and therefore denies these allegations pursuant to Rule 8(b)(5).

**D.    Teva Launches Generic Korlym, But Corcept Stifles Competition by Blocking Access to the Critical Optime Distribution Channel and Paying Bribes and Kickbacks to Physicians.[7]**

123.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123, and therefore denies these allegations pursuant to Rule 8(b)(5).

124.    The allegations in Paragraph 124 are a legal conclusion and/or characterizations regarding the operation of pharmaceutical markets and congressional intent, and therefore no response is required, but if a response is deemed required, Optime denies the same.

125.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125, and therefore denies these allegations pursuant to Rule 8(b)(5).

126.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126, and therefore denies these allegations pursuant to Rule 8(b)(5).

[7] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein.  To the extent a substantive response is required to any factual allegations in this heading, they are denied.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17                    CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

127.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127, and therefore denies these allegations pursuant to Rule 8(b)(5).

128.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128, and therefore denies these allegations pursuant to Rule 8(b)(5).

129.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129, and therefore denies these allegations pursuant to Rule 8(b)(5).

130.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130, and therefore denies these allegations pursuant to Rule 8(b)(5).

131.    Optime denies the characterization of the Corcept-Optime contract as a "long-term exclusive dealing contract" and the allegation that Corcept's contract with Optime allowed "Corcept to maintain 100% market share *and* maintain or increase prices *despite* the entry of a lower-priced AB-rated generic substitute." Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 131 and therefore denies these allegations pursuant to Rule 8(b)(5).

132.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132, and therefore denies these allegations pursuant to Rule 8(b)(5).

133.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133, and therefore denies these allegations pursuant to Rule 8(b)(5).

134.    Optime denies the characterization of the Corcept-Optime contract as "a highly unusual, anticompetitive exclusive-dealing agreement." Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 134, and therefore denies these allegations pursuant to Rule 8(b)(5).

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

**1.** **Corcept Entrenches Its Monopoly Through an Anticompetitive Exclusive-Dealing Agreement.[8]**

135.    Optime denies the allegations in Paragraph 135.

136.    Optime denies the first two sentences in Paragraph 136.  Optime admits that sentence three of this paragraph accurately quotes the Corcept-Optime agreement, except for the alterations to the quotation inserted by Teva.

137.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137 regarding the content of Corcept's SEC filings, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime further denies that the Corcept-Optime Agreement has a "current term," as the agreement has been terminated.  Optime further denies the agreement had "automatic renewal for three-year terms after that."

138.    Optime admits the first sentence of Paragraph 138. Optime admits that unredacted copies of the Corcept-Optime agreement are not publicly available, but Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in sentence two of Paragraph 138, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Corcept's SEC Filings in sentence three, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime denies the characterization that the April 1, 2024 Amendment "comprehensively" amended or changed the agreement, but admits that the final sentence of this paragraph accurately quotes the Corcept-Optime agreement, except for alterations made by Teva.

139.    Optime admits the first sentence of Paragraph 139. Optime lacks knowledge or information sufficient to form a belief about the truth of sentence two of the allegations in Paragraph 139, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime denies the remaining in Paragraph 139.

---

[8] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein.  To the extent a substantive response is required to any factual allegations in this heading, they are denied.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

140.    Optime admits the first sentence of Paragraph 140. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140 regarding Corcept's SEC filings, and therefore denies these allegations pursuant to Rule 8(b)(5).

141.    Optime admits that Corcept has the right to terminate the Corcept-Optime agreement for convenience, but Optime does not.  Optime denies the remaining allegations in Paragraph 141.

142.    Optime denies the allegations in Paragraph 142.

143.    Optime denies the allegations in Paragraph 143.  Further, Optime admits that footnote 112 appears to accurately quote the Corcept-Optime agreement, but denies Teva's characterization of the agreement and Optime's rights and obligations thereunder.

144.    Optime denies the allegations in Paragraph 144.

145.    Optime admits that it was founded in 2015.  Optime denies the remaining allegations in Paragraph 145.

146.    Optime denies the allegations in Paragraph 146.

147.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147 regarding Teva's other agreements, Teva's awareness of other agreements, or conversations Teva may have had with its employees, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime denies the remaining allegations in Paragraph 147.

148.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148 regarding Teva's market share and statements made by Corcept or its representatives, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime denies all other allegations in Paragraph 148.

149.    Optime denies Teva's characterization of the Corcept-Optime agreement and denies it has "been particularly effective at foreclosing competition." Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 149, and therefore denies these allegations pursuant to Rule 8(b)(5).

150.    Optime denies the allegations in Paragraph 150.

151.    Optime denies the allegations in Paragraph 151.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

152.    Optime denies the allegations in Paragraph 152.

153.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 153, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime denies the remaining allegations in Paragraph 153.

154.    Optime denies the allegations in Paragraph 154.

155.    Optime denies the first, fourth, and fifth sentences of Paragraph 155. The allegations in the second and third sentences of Paragraph 155 are legal conclusions and/or characterizations of state substitution laws and therefore require no response, but if a response is deemed required, Optime denies the allegations in those sentences.

156.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156, and therefore denies these allegations pursuant to Rule 8(b)(5).

157.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157, and therefore denies these allegations pursuant to Rule 8(b)(5).

158.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158, and therefore denies these allegations pursuant to Rule 8(b)(5).

159.    Optime denies the allegations in Paragraph 159.

160.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160, and therefore denies these allegations pursuant to Rule 8(b)(5).

161.    Optime denies the allegations in Paragraph 161.

162.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162, and therefore denies these allegations pursuant to Rule 8(b)(5).

163.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163 regarding any understanding Corcept may have had, and therefore denies these allegations pursuant to Rule 8(b)(5). Optime denies the remaining allegations in Paragraph 163.

164.    Optime admits that Korlym is a once-a-day pill and is not subject to a REMS program. Optime denies the remaining allegations in Paragraph 164.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

165.   Optime denies the allegations in Paragraph 165.

166.   Optime denies the allegations in Paragraph 166.

**2.    Corcept Further Entrenches Its Monopoly by Paying Bribes and Kickbacks to Physicians as Compensation for Prescribing Brand Korlym.[9]**

167.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167, and therefore denies these allegations pursuant to Rule 8(b)(5).

168.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168, and therefore denies these allegations pursuant to Rule 8(b)(5).

169.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169, and therefore denies these allegations pursuant to Rule 8(b)(5).

170.   Optime denies Teva's allegation regarding "the already suspicious behavior of physicians continuing to route all of their Korlym prescriptions to Optime without apparent justification." Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 170, and therefore denies these allegations pursuant to Rule 8(b)(5).

171.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171, and therefore denies these allegations pursuant to Rule 8(b)(5).

172.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 172, and therefore denies these allegations pursuant to Rule 8(b)(5).

173.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173, and therefore denies these allegations pursuant to Rule 8(b)(5).

174.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174, and therefore denies these allegations pursuant to Rule 8(b)(5).

---

[9] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein. To the extent a substantive response is required to any factual allegations in this heading, they are denied.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

175.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 175, and therefore denies these allegations pursuant to Rule 8(b)(5).

176.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 176, and therefore denies these allegations pursuant to Rule 8(b)(5).

177.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177, and therefore denies these allegations pursuant to Rule 8(b)(5).

178.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178, and therefore denies these allegations pursuant to Rule 8(b)(5).

179.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 179, and therefore denies these allegations pursuant to Rule 8(b)(5).

180.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 180, and therefore denies these allegations pursuant to Rule 8(b)(5).

181.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph number 181, and therefore denies these allegations pursuant to Rule 8(b)(5).

182.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 182, and therefore denies these allegations pursuant to Rule 8(b)(5).

183.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 183, and therefore denies these allegations pursuant to Rule 8(b)(5).

184.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184, and therefore denies these allegations pursuant to Rule 8(b)(5).

185.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185, and therefore denies these allegations pursuant to Rule 8(b)(5).

186.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 186, and therefore denies these allegations pursuant to Rule 8(b)(5).

187.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187, and therefore denies these allegations pursuant to Rule 8(b)(5).

### 3. Corcept Continues to Stifle Competition by Entering a New Anticompetitive Exclusive-Dealing Agreement.[10]

188. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 188, and therefore denies these allegations pursuant to Rule 8(b)(5). The remaining allegations in Paragraph 188 are denied.

189. The first sentence of Paragraph 189 is admitted. The remaining allegations in Paragraph 189 are admitted only to the extent the allegations contain accurate quotations from the documents cited therein, but Optime denies any characterizations inserted by Teva inconsistent with the respective quotations, denies any incorrect quotations or alterations to quotations inserted by Teva, denies the substance of the allegations in Corcept's complaint and related filings, and denies the remainder of the allegations in Paragraph 189.

190. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 190, and therefore denies these allegations pursuant to Rule 8(b)(5). The remaining allegations in Paragraph 190 are admitted only to the extent the allegations contain accurate quotations from the documents cited therein, but Optime denies any characterizations inserted by Teva inconsistent with the respective quotations, denies any incorrect quotations or alterations to quotations inserted by Teva, denies the substance of the allegations in Corcept's complaint and related filings, and denies the remainder of the allegations in Paragraph 190.

191. Optime denies the allegations in Paragraph 191.

192. Optime denies the allegations in Paragraph 192.

193. Optime admits that Corcept is no longer distributing Korlym or its Authorized Generic through Optime, but Optime lacks knowledge or information sufficient to form a belief

---

[10] Optime reproduces the headings in Teva's TAC for ease of reference but, in doing so, does not admit the allegations contained therein. To the extent a substantive response is required to any factual allegations in this heading, they are denied.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

about the truth of the remaining allegations in Paragraph 193, and therefore denies these allegations pursuant to Rule 8(b)(5).

194. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 194, and therefore denies these allegations pursuant to Rule 8(b)(5).

195. Optime admits the allegations in Paragraph 195.

196. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 196, and therefore denies these allegations pursuant to Rule 8(b)(5).

197. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 197, and therefore denies these allegations pursuant to Rule 8(b)(5).

198. Optime denies Teva's characterization of this Court's holding or inference drawn therefrom to the extent it is inconsistent with the cited opinion, and lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 198, and therefore denies these allegations pursuant to Rule 8(b)(5).

199. Optime admits that Corcept seeks to compel Optime to switch patients to Curant through Corcept's lawsuit and denies the remainder of the allegations in Paragraph 199.

200. The allegation in the first sentence of Paragraph 200 is admitted only to the extent the allegation contains an accurate quotation from the documents cited therein but Optime denies any characterizations inserted by Teva inconsistent with the quotation and denies any incorrect quotations or alterations to quotations inserted by Teva. Optime lacks knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 200, and therefore denies these allegations pursuant to Rule 8(b)(5).

201. Optime admits that it added and trained staff on Cushing's syndrome, the unique needs of Cushing's syndrome patients, as well as Corcept's program. The remaining allegations in Paragraph 201 are admitted only to the extent the allegations contain accurate quotations from the documents cited therein, but Optime denies any characterizations inserted by Teva inconsistent with the respective quotations, denies any incorrect quotations or alterations to quotations inserted by

CASE NO. 5:24-CV-03567-NW

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

Teva, and lacks knowledge or information sufficient to support a belief about the remainder of the allegations in Paragraph 201, and therefore denies these allegations pursuant to Rule 8(b)(5).

202.    Optime denies the allegation in the first sentence of Paragraph 202. The remaining allegations in Paragraph 202 are admitted only to the extent the allegations contain accurate quotations from the documents cited therein, but Optime denies any characterizations inserted by Teva inconsistent with the respective quotations, denies any incorrect quotations or alterations to quotations inserted by Teva, denies the substance of Corcept's complaint and related filings, and denies the remainder of the allegations in Paragraph 202.

203.    Optime denies the allegations in Paragraph 203.

204.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 204, and therefore denies these allegations pursuant to Rule 8(b)(5).

205.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 205, and therefore denies these allegations pursuant to Rule 8(b)(5).

206.    The allegations in Paragraph 206 are admitted only to the extent the allegations contain accurate quotations from the documents cited therein, but Optime denies any characterizations inserted by Teva inconsistent with the respective quotations, denies any incorrect quotations or alterations to quotations inserted by Teva, denies the substance of the allegations in Corcept's complaint and related filings, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 206, and therefore denies these allegations pursuant to Rule 8(b)(5)

207.    Optime lacks knowledge or information sufficient to form a belief about the turth of the allegations in Paragraph 207, and therefore denies these allegations pursuant to Rule 8(b)(5).

## VI.    CORCEPT'S MONOPOLY POWER AND RELEVANT MARKET

208.    The allegations in Paragraph 208 regarding the relevant geographic market are legal conclusions to which no response is required, but if a response is deemed required, Optime denies those allegations.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

209.    The allegations in Paragraph 209 regarding the relevant product market are legal conclusions to which no response is required, but if a response is deemed required, Optime denies those allegations.

210.    The allegations in Paragraph 210 regarding the relevant antitrust market are legal conclusions to which no response is required, but if a response is deemed required, Optime denies those allegations.  Optime denies the remaining allegations in Paragraph 210.

211.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 211, and therefore denies these allegations pursuant to Rule 8(b)(5).  The allegations in the second sentence of Paragraph 211 are legal conclusions regarding the relevant antitrust market to which no response is required, but if a response is deemed required, Optime denies those allegations.

212.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 212, and therefore denies these allegations pursuant to Rule 8(b)(5).

213.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 213, and therefore denies these allegations pursuant to Rule 8(b)(5).

214.    Optime admits that, generally, orphan drugs treat diseases and conditions that otherwise lack adequate treatments. The remaining allegations in Paragraph 214 are legal conclusions to which no response is required, but if a response is deemed required, Optime denies those allegations.

215.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215, and therefore denies these allegations pursuant to Rule 8(b)(5).

216.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph number 216, and therefore denies these allegations pursuant to Rule 8(b)(5).

217.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 217, and therefore denies these allegations pursuant to Rule 8(b)(5). The second sentence of this paragraph is a legal conclusion and/or generalization of

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

economist and court opinion and therefore requires no response, but if a response is deemed required, Optime denies the allegations in the second sentence of Paragraph 217.

218.    Optime denies the allegations in Paragraph 218.

219.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 219, and therefore denies these allegations pursuant to Rule 8(b)(5).

220.    Optime denies that the "Corcept-Optime exclusive-dealing agreement" has "protected brand Korlym from the forces of price competition." Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 220, and therefore denies these allegations pursuant to Rule 8(b)(5).

221.    Optime denies the allegations in Paragraph 221.

## VII.    ANTITRUST IMPACT

222.    Optime denies the allegations in Paragraph 222.

223.    Optime denies the allegations in Paragraph 223.

224.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 224, and therefore denies these allegations pursuant to Rule 8(b)(5).

225.    Optime denies that Optime caused Teva any injury or damage. Optime lacks knowledge or information sufficient to form a belief about the truth of the balance of the allegations in Paragraph 225, and therefore denies these allegations pursuant to Rule 8(b)(5).

## VIII.    INTERSTATE AND INTRASTATE COMMERCE

226.    Optime denies the allegations in Paragraph 226.

227.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 227, and therefore denies these allegations pursuant to Rule 8(b)(5).

228.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 228, and therefore denies these allegations pursuant to Rule 8(b)(5).

229.    Optime denies the allegations in Paragraph 229.

## IX.    CONTINUING VIOLATIONS

230.    Optime denies the allegations in Paragraph 230.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28    CASE NO. 5:24-CV-03567-NW

## CAUSES OF ACTION

### COUNT I: VIOLATION OF 15 U.S.C. § 2

### (Against Corcept: Monopolization)

231.    Optime incorporates by reference its responses in the paragraphs above as though fully set forth herein.

232.    The allegations in Paragraph 232 are legal conclusions and/or characterizations of the relief sought by Teva and therefore require no response, but if a response is deemed required, Optime denies the allegations in Paragraph 232.

233.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 233, and therefore denies these allegations pursuant to Rule 8(b)(5).

234.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 234, and therefore denies these allegations pursuant to Rule 8(b)(5). In addition, the allegations in Paragraph 234 include a citation to legal authority and therefore require no response, but if a response is deemed required, Optime denies the same.

235.    Optime denies that the Corcept-Optime agreement "blocked and delayed entry of generic versions of mifepristone." Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 235, and therefore denies these allegations pursuant to Rule 8(b)(5).

236.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 236, and therefore denies these allegations pursuant to Rule 8(b)(5).

237.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 237, and therefore denies these allegations pursuant to Rule 8(b)(5).

238.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 238, and therefore denies these allegations pursuant to Rule 8(b)(5).

239.    Optime denies the allegations in Paragraph 239.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

## COUNT II: VIOLATION OF 15 U.S.C. § 2

### (Against Corcept: Attempted Monopolization)

240.     Optime incorporates by reference its responses in the paragraphs above as though fully set forth herein.

241.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 241, and therefore denies these allegations pursuant to Rule 8(b)(5).

242.     Optime denies that the Corcept-Optime agreement "block[ed] and delay[ed] entry of generic versions of mifepristone for the treatment of endogenous Cushing's syndrome" or "foreclose[d] effective competition after generic entry." Optime lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 242, and therefore denies these allegations pursuant to Rule 8(b)(5).

243.     Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 243, and therefore denies these allegations pursuant to Rule 8(b)(5).

## COUNT III: VIOLATION OF 15 U.S.C. § 1

### (Against All Defendants: Conspiracy)

244.     Optime incorporates by reference its responses in the paragraphs above as though fully set forth herein.

245.     Optime denies that it has violated Section 1 of the Sherman Act. The remaining allegations in Paragraph 245 contain legal conclusions and/or characterizations of claims asserted and relief sought by Teva and therefore require no response, but if a response is deemed required, Optime denies the same.

246.     Optime admits that it had an agreement with Corcept but denies Teva's characterizations of this agreement and further denies the remaining allegations in Paragraph 246.

247.     Optime denies the allegations in Paragraph 247.

248.     Optime denies the allegations in Paragraph 248.

249.     Optime denies the allegations in Paragraph 249.

250.     Optime denies the allegations in Paragraph 250.

## COUNT IV: VIOLATION OF 15 U.S.C. § 1

### (Against Corcept: Conspiracy)

251.    Optime incorporates by reference its responses in the paragraphs above as though fully set forth herein.

252.    The allegations in Paragraph 252 are characterizations of Teva's claims and therefore require no response, but if a response is deemed required, Optime denies the same.

253.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 253, and therefore denies these allegations pursuant to Rule 8(b)(5).

254.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 254, and therefore denies these allegations pursuant to Rule 8(b)(5).

255.    The allegations in Paragraph 255 are legal conclusions and therefore require no response, but if a response is deemed required, Optime denies the allegations in Paragraph 255.

256.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 256, and therefore denies these allegations pursuant to Rule 8(b)(5).

257.    Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 257, and therefore denies these allegations pursuant to Rule 8(b)(5).

258.    The allegations in Paragraph 258 contain legal conclusions and/or characterizations of claims asserted and relief sought by Teva and therefore require no response, but if a response is deemed required, Optime denies the same.

## COUNT V: VIOLATION OF CAL. BUS. & PROF. CODE § 17200

### (Against All Defendants: Unfair Competition)

259.    Optime incorporates by reference its responses in the paragraphs above as though fully set forth herein. The remaining allegations in Paragraph 259 are characterizations of Teva's claims and therefore require no response, but if a response is deemed required, Optime denies the same.

260.    Optime denies the allegations in Paragraph 260.

261.    Optime denies the allegations in Paragraph 261.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

262. Optime denies the allegations in Paragraph 262.

263. Optime denies the allegations in Paragraph 263.

264. Optime denies the allegations in Paragraph 264.

265. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 265, and therefore denies these allegations pursuant to Rule 8(b)(5).

266. Optime denies the allegations in Paragraph 266.

267. Optime denies the allegations in Paragraph 267.

268. Optime denies the allegations in Paragraph 268.

## COUNT VI: VIOLATION OF CAL. BUS. & PROF. CODE § 16600

### (Against All Defendants: Restraint of Trade)

269. Optime incorporates by reference its responses in the paragraphs above as though fully set forth herein.

270. Optime denies the allegations in Paragraph 270.

271. Optime denies the allegations in Paragraph 271.

272. Optime denies the allegations in Paragraph 272.

273. Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 273, and therefore denies these allegations pursuant to Rule 8(b)(5).

274. Optime denies the allegations in Paragraph 274.

275. Optime denies the allegations in Paragraph 275.

276. Optime denies the allegations in Paragraph 276.

## COUNT VII: VIOLATION OF VARIOUS STATE ANTITRUST LAWS

### (Against All Defendants)

277. Optime incorporates by reference its responses in the paragraphs above as though fully set forth herein.

278. Optime denies each and every allegation in the first sentence of Paragraph 278. As for Paragraph 278's subparts, Optime responds as follows:

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1. The allegations in subpart number 1 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

2. The allegations in subpart number 2 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

3. The allegations in subpart number 3 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

4. The allegations in subpart number 4 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

5. The allegations in subpart number 5 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

6. The allegations in subpart number 6 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

7. The allegations in subpart number 7 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

8. The allegations in subpart number 8 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

9. The allegations in subpart number 9 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

10. The allegations in subpart number 10 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

11. The allegations in subpart number 11 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

12. The allegations in subpart number 12 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

13. The allegations in subpart number 13 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

14. The allegations in subpart number 14 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

15. The allegations in subpart number 15 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

16. The allegations in subpart number 16 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

17. The allegations in subpart number 17 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

18. The allegations in subpart number 18 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

CASE NO. 5:24-CV-03567-NW

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

19.   The allegations in subpart number 19 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

20.   The allegations in subpart number 20 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

21.   The allegations in subpart number 21 of Paragraph 278 are legal conclusions and or characterizations of state law and therefore require no response, but if a response is deemed required, Optime denies the same. Optime denies it engaged in any conduct constituting a violation of any state statute, including the statutes cited herein.

279.   Optime denies the allegations in Paragraph 279.

280.   Optime denies the allegations in Paragraph 280.

281.   Optime lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 281 and therefore denies these allegations pursuant to Rule 8(b)(5).

282.   Optime denies the allegations in Paragraph 282.

283.   Optime denies the allegations in Paragraph 283.

284.   Optime denies the allegations in Paragraph 284.

## **PRAYER FOR RELIEF**

285.   The allegations in Paragraph 285 are characterizations of the relief sought by Teva and therefore require no response, but if a response is deemed required, Optime denies Teva is entitled to the relief requested herein.

286.   The allegations in Paragraph 286 are characterizations of the relief sought by Teva and therefore require no response, but if a response is deemed required, Optime denies Teva is entitled to the relief requested herein.

287.   The allegations in Paragraph 287 are characterizations of the relief sought by Teva and therefore require no response, but if a response is deemed required, Optime denies Teva is entitled to the relief requested herein.

288.    The allegations in Paragraph 288 are characterizations of the relief sought by Teva and therefore require no response, but if a response is deemed required, Optime denies Teva is entitled to the relief requested herein.

### DEMAND FOR JURY TRIAL

289.    The allegations in paragraph number 289 are a demand for a jury trial and therefore require no response.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof or production that it would not otherwise bear, Optime asserts the following separate and additional affirmative and other defenses, all of which are pleaded in the alternative, and none of which constitute an admission that Optime is in any way liable to Teva, that Teva has been or will be injured or damaged in any way, or that Teva is entitled to any relief whatsoever.  As a defense to the TAC and each and every allegation contained therein, Optime alleges:

### First Defense

Teva is precluded from recovering damages, in whole or in part, because and to the extent of its failure to mitigate damages, if any.  Teva failed to take reasonable steps to mitigate its alleged damages, if any, by, among other things, delaying the launch of its generic product, failing to make reasonable efforts to market its generic product to prescribers, payers, pharmacy benefit managers, and patients, failing to make reasonable efforts to avail itself of all existing or potential distribution channels for its generic product, failing to timely communicate with payers and pharmacy benefit managers about advantaging Teva's generic product on their formularies and/or disadvantaging Korlym on their formularies, failing to offer valuable services to patients who might use its generic product, failing to offer its generic product at a competitive price, failing to ever make a bona fide effort to do business with Optime or make an actual offer to Optime related to mifepristone, and Teva's failure to take any other reasonable steps to mitigate its alleged damages, if any.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

**Second Defense**

Teva's claims are barred, or its recoverable damages are limited, in whole or in part, by the relevant statutes of limitations. Teva's claims against Optime accrued no later than 2018, but Teva failed to assert those claims until 2024, well after the applicable limitations periods expired. Optime did not commit any new or independent act during the limitations period that inflicted new and accumulating injury on Teva, and Teva cannot separate any of its alleged harm stemming from Optime's conduct within the applicable limitations period from the effects of Optime's acts or conduct prior to, or during the period, preceding the applicable limitations periods. Further, Defendants committed no "continuing violations" that could toll the applicable statutes of limitations, nor is there any other basis to toll or otherwise exempt Teva from the applicable statutes of limitations.

**Third Defense**

Teva's claims are barred, in whole or in part, because its alleged injuries, if any, were not proximately caused by any conduct or actions of Optime. Rather, Teva's alleged injuries, if any, were caused by, among other things, Teva's delay in launching its generic product, Teva's failure to make reasonable efforts to market its generic product to prescribers, payers, pharmacy benefit managers, and patients, Teva's failure to make reasonable efforts to avail itself of all existing or potential distribution channels for its generic product, Teva's failure to timely communicate with payers and pharmacy benefit managers about advantaging Teva's generic product on their formularies and/or disadvantaging Korlym on their formularies, Teva's failure to offer valuable services to patients who might use its generic product, Teva's failure to offer its generic product at a competitive price, Teva's failure to make a bona fide effort to business with Optime or make an actual offer to Optime related to mifepristone, Teva's other conduct related to the launch and distribution of mifepristone, and other market forces, including independent decisions of prescribers, payers, pharmacy benefit managers, and/or patients.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

**Fourth Defense**

Teva's claims are barred, in whole or in part, because its alleged injuries, if any, resulted from intervening causes, including Teva's delay in launching its generic product, Teva's failure to make reasonable efforts to market its generic product to prescribers, payers, pharmacy benefit managers, and patients, Teva's failure to avail itself of all existing or potential distribution channels for its generic product, Teva's failure to timely communicate with payers and pharmacy benefit managers about advantaging Teva's generic product on their formularies and/or disadvantaging Korlym on their formularies, Teva's failure to offer valuable services to patients who might use its generic product, Teva's failure to offer its generic product at a competitive price, and other market forces, including independent decisions of prescribers, payers, pharmacy benefit managers, and/or patients.

**Fifth Defense**

Teva's claims are barred, in whole or in part, because Optime's alleged conduct did not unreasonably restrain trade and was lawful, pro-competitive, and based on legitimate business and economic justifications. Optime's alleged conduct did not foreclose competition in a substantial share of the relevant market, and Optime's alleged conduct enhanced interbrand competition, prevented free riding on the investments made by Corcept and Optime, and provided enhanced efficiency and services to consumers.

**Sixth Defense**

Teva's claims are barred, in whole or in part, because Optime's alleged conduct has not harmed competition or the competitive process, and was lawful, pro-competitive, and based on legitimate business justifications. Optime's alleged conduct did not foreclose competition in a substantial share of the relevant market, and Optime's alleged conduct enhanced interbrand competition, prevented free-riding on the investments made by Corcept and Optime, and provided enhanced efficiency and services to consumers.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38                                    CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

## Seventh Defense

Teva's claims are barred, in whole or in part, because the product market alleged in the complaint is not legally cognizable as it does not include all economic substitutes for Korlym and its AB-rated generic equivalents.

## Eighth Defense

Teva's claims for equitable relief are barred, in whole or in part, by the doctrine of laches. Teva delayed asserting its claims against Optime for an unreasonable length of time, with full knowledge of all relevant facts, resulting in prejudice to Optime.

## Ninth Defense

Teva is not entitled to recover punitive damages on any of its claims against Optime and such damages are barred as a matter of law.

## Tenth Defense

Teva lacks standing to seek prospective injunctive relief against Optime because there is no threat of future injury to Teva from Optime's alleged conduct.

## Eleventh Defense

To the extent Teva seeks equitable and/or injunctive relief, Teva has not sufficiently alleged, and cannot establish, irreparable harm, and the alleged injury or damage suffered by Teva, if any, would be adequately compensated in an action at law for damages. Accordingly, Teva has a complete and adequate remedy at law and is not entitled to seek equitable and/or injunctive relief.

## Twelfth Defense

Teva's claims are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, laches, and/or unclean hands.

## Thirteenth Defense

Teva's claims are barred, in whole or in part, by Teva's ratification, agreement, assent, acquiescence, or consent to Optime's alleged conduct.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39                                          CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

## Fourteenth Defense

Teva's claims are barred, in whole or in part, because Optime's alleged conduct comported with prevailing business practices and standards of the industry at issue.

## Fifteenth Defense

Teva's claims are barred, in whole or in part, because Optime's conduct was either required by law or regulation, or Optime acted reasonably and in good faith believing it was.

## Sixteenth Defense

Teva's claims are barred, in whole or in part, because Optime's actions were lawful, justified, pro-competitive, and based on Optime's own legitimate business and economic interests. Optime's actions were reasonable efforts to protect the value of its and its customers intellectual property and confidential and proprietary information, prevent free-riding, provide enhanced efficiency and services, and compete properly.

## Seventeenth Defense

Teva's claims are barred, in whole or in part, because Teva lacks antitrust standing. Among other things, independent regulatory and/or legislative bars against market entry (including Corcept's Orphan Drug Exclusivity and Corcept's valid patents) preclude Teva's claims, in whole or in part.

## Eighteenth Defense

Teva's claims are barred, in whole or in part, because Teva has not sustained antitrust injury by reason of any act or omission of Defendants. Teva's alleged injury, if any, is not an injury which the antitrust laws are designed to prevent, or which flows from anything that Defendants did or that would make Defendants' alleged conduct unlawful under the antitrust laws.

## Nineteenth Defense

Teva's claims are barred, in whole or in part, because Teva has not suffered any injury or damage whatsoever, any alleged damages Teva seeks to recover are speculative, unproven, and/or uncertain, and Teva's claimed damages are not cognizable.

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

**Twentieth Defense**

Teva's alleged damages, if any, were caused, in whole or in part, by Teva's own actions. In the event any act or omission of Optime is found to have caused or contributed to cause any damages to Teva, which Optime denies, any recovery by Teva must be vacated, reduced, and/or limited by the contributory or comparative fault of Teva.

**Twenty-First Defense**

Teva's alleged damages, if any, were caused, in whole or in part, by the actions or omissions of other persons or entities over which Optime had no control and for which Optime is not liable. In the event any act or omission of Optime is found to have caused or contributed to cause any damages to Teva, which Optime denies, any recovery by Teva must be vacated, reduced, and/or limited by the contributory or comparative fault of such other persons or entities.

*****

Optime presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Optime reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Optime prays that judgment be entered dismissing the Third Amended and Supplemental Complaint with prejudice, directing that Teva take nothing, and awarding to Optime such other and further relief as may be just and proper.

Duane Morris LLP

By:  /s/ *Lucas C. Wohlford*
Lucas Wohlford (admitted *Pro Hac Vice*)

Attorneys for Defendant
OPTIME CARE, INC.

Dated: May 19, 2026

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2026, I caused to be filed the foregoing document with the United States District Court for the Northern District of California using the CM/ECF system and caused it to be served on all registered participants via notice of electronic filing.

DATED: May 19, 2026

By: */s/ Lucas C. Wohlford*
     Lucas C. Wohlford

DUANE MORRIS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42   CASE NO. 5:24-CV-03567-NW

OPTIME'S ANSWER AND AFFIRMATIVE DEFENSES TO TEVA'S THIRD AMENDED COMPLAINT